## Charles H. Bodwell *vs.* Edson C. Eastman & others.

If agents of an unincorporated joint stock company, acting within the scope of their employment, hire a mechanic to do work for the company, its members, as partners, are liable to him for his work, although they did not know by whom the work was done, nor exactly what was to be done, and as between themselves their articles of association had not been complied with, and those articles gave no authority, in terms, to anybody to incur a debt for the company.

Contract against Edson C. Eastman and sixteen others, as " copartners transacting business at Boston in the county of Suffolk under the firm name of the New England Express Company," on an account annexed for work done and materials furnished in August and September 1868.

At the trial in the superior court, before *Lord*, J., there was proof that Eastman was a member of the executive committee of the association formed under the name of the New England Ex-

press Company under the articles set forth in the report of the case of *Taft* v. *Ward, ante,* 518, but not that he was the owner of any shares in the capital stock, or that the plaintiff ever heard of him before the bringing of this action ; and it appeared that not more than a fifth or a fourth of the $2,500,000 of stock, contemplated by the articles, was ever subscribed for. Under instructions of the judge, which, together with all the other material facts, are stated in the opinion, the jury, by his direction, returned a verdict against Eastman, who alleged exceptions.

*T. L. Wakefield & G. W. Estabrook,* for Eastman, cited *West-gate* v. *Munroe,* 100 Mass. 227.

*S. C. Darling,* for the plaintiff.

MORTON, J. At the trial, it appeared that the defendant Eastman and others executed the articles of association of which a copy is annexed to the bill of exceptions, for the purpose of carrying on a general express business under the name of the New England Express Company. It has been decided that these articles created a copartnership between the parties who executed them. *Taft* v. *Ward, ante,* 518.

There was evidence tending to show that the company procured an office in Boston for its use, and fitted it up through its agents ; and that the plaintiff performed the labor and furnished the arti cles for which he sues, under an employment by the agents en gaged in fitting up the office. There was no evidence that the agents who employed the plaintiff were appointed by Eastman ; but there was evidence that they were appointed by and were acting for the company.

The counsel for Eastman requested the court to instruct the jury " that Eastman was not liable in this action, unless the debt was contracted by him, or by some one authorized to do so by him, which the court refused to do ; but instructed the jury that if the defendant Eastman and others, under and in pursuance of the agreement, commenced upon the business contemplated by such agreement, and under such agreement, and as a part of the business, procured the office where the work was done, for the purposes of the association, and to be used for the business of the association, and the office was to be fitted up for the use of

the association, with the knowledge and consent of Eastman, then Eastman would be liable; although he did not know by whom the work was done, nor exactly what was to be done; and although, as between the partners, the terms of the agreement had not been complied with; and although, by such terms, there was no authority given to anybody to incur a debt in behalf of the partnership." The only question before us is, as to the correctness of these instructions; it having been conceded at the hearing, that, if they are correct, the verdict was properly rendered for the plaintiff.

We are of opinion that the instructions were correct. Under them, in order to hold Eastman liable, the jury must have found that he and his partners under the agreement procured an office and directed and authorized it to be fitted up for the use of the association, and that the purpose of fitting it up was with the knowledge and consent of Eastman. Upon these facts, the liability of Eastman for the debt of the plaintiff follows as a conclusion of law. The jury must have found that the plaintiff contracted with agents of the company engaged in fitting up the office for the company. It was not necessary to prove that Eastman personally took part in the appointment of such agents. He was responsible for the acts of his partners within the scope of the copartnership business; and they having appointed agents, the partnership and each partner is liable for the acts and contracts of such agents within the scope of their employment. The agents having made a contract with the plaintiff which was strictly within the course of their employment in fitting up the office for the company, each partner in the company is liable upon such contract. *Tappan* v. *Bailey*, 4 Met. 529.

*Exceptions overruled.*