### EDWARD A. TAFT *vs.* DAVID A. WARDE & others.

In an action against a member of an unincorporated company to recover for services rendered to the company from August 10 to December 12, 1868, there was evidence that the articles of association of the company provided that none but stockholders should be trustees; that in 1867 the defendant was chosen trustee, and subsequently acted as such; that he had said that he had an interest in the company, having subscribed for stock in the name of a firm of which he was a member, and paid an assessment on this stock; that he was "off and on" at the office of the company; that the company began business in August 1868; that, in December 1868, the defendant said he was an officer of the company authorized to make contracts for it; and that, in November and December 1868, he wrote to one of the original subscribers of the company as to what "we" wanted to do about the affairs of the company. The defendant did not offer any testimony to explain this evidence. *Held,* that a jury would be warranted in finding that the defendant was a member of the company at the time the plaintiff's services were rendered.

CONTRACT against David A. Warde, of Concord, in the State of New Hampshire, and fourteen others, " all of said parties transacting business under the firm name of the New England Express Company," to recover for services as auditor for the defendants from August 10, 1868, to December 12, 1868. After a trial in the Superior Court, and the decision of this court on a report thereof, 106 Mass. 518, the plaintiff discontinued against all the defendants except Warde. At the second trial in the Superior Court, before *Dewey,* J., the plaintiffs introduced the following evidence:

Articles of association of the New England Express Company, dated October 9, 1867, and signed and sealed by Henry W. Dwight and seven others. The preamble of these articles recited that the subscribers were desirous of forming a joint stock asso-

ciation, for the purpose of carrying goods and collecting debts. The substance of the articles is given in the report in 106 Mass. 518; the provisions materially affecting this case were as follows: The capital stock was to be $2,500,000, divided into 25,000 shares of $100 each. Nine persons were named as trustees, to hold office until December 1869, when their successors were to be appointed at a meeting of the stockholders; that thereafter the trustees should be chosen annually by the stockholders, and all other officers by the trustees; that the other officers should be a president, vice-presidents, treasurer, secretary and executive committee; and that no person should be elegible as trustee or be appointed a trustee unless he should hold in his own right at least $1000 in amount of the capital stock, and any trustee ceasing to hold that amount should thereby vacate his office. These articles were proved to have been signed by the subscribers in the autumn of 1867. Warde was not one of the subscribers, nor was he one of the persons named in the articles as trustees.

The form used for obtaining subscriptions to the stock of the company, which contained a prospectus setting forth the purposes of the company; that the capital was to be $2,500,000; that five per cent. of the stock subscribed for would be required at the time of subscription, and the following promise to take shares: "We hereby severally subscribe for the number of shares of the capital stock of the New England Express Company set opposite our respective names, and agree to pay to the treasurer of the said company five per cent. on every share of $100 so subscribed for, within ten days from the time of making such subscriptions; and to pay such further calls, at such times and in such amounts as may be made by the company, not to exceed five per cent. at any one time, in pursuance of its articles of association; and thereupon, and in consideration thereof, the said company is to issue to us, severally, its stock for the amount so subscribed, and we hereby severally authorize and direct the secretary of said company to sign our names to the articles of association of said company."

The testimony of Samuel W. Waldron, one of the original subscribers, who testified "that after October 9, 1867, and at

some time prior to Christmas of that year, he was present at a meeting of the executive committee of the company in New York, where Warde was nominated and elected as trustee of the company; that he met Warde at the meeting of the trustees which took place the same day, and immediately after the meeting of the executive committee; that Warde took part in the deliberations of the meeting of the trustees; that Warde told the witness that he had taken an interest in the company, had subscribed for fifty shares in the name of Warde, Humphrey & Company, of which firm he was a member, and paid an assessment of $250 on the same, which was paid August 25, 1868; that no certificates of stock were ever issued, but scrip receipts were generally given to persons paying the assessments; that no one was entitled to stock till a certain number of assessments had been paid, and no one had paid sufficient assessments to be so entitled; that he saw Warde at a meeting of the trustees in Boston within a few weeks after seeing him in New York; that Warde was ' down, off and on, from Concord' at Boston, at the office of the company; that he saw Warde at the office of the company in Boston, on one occasion, with Edson C. Eastman, one of the original associates; that the calling in and payment of the first assessment on the capital stock of the company was in July or August 1868; that the full stock of the company was never subscribed for — no more than $500,000 or $600,000 of it; and that the company began business in August 1868."

The testimony of E. M. Sargent, who testified " that in November or December 1868 he had a conversation with Warde, in which Warde told him he was an officer of the company and owned fifty shares of stock; (but it was not claimed that he was interested in any other stock except what he subscribed for in the name of Warde, Humphrey & Company;) that afterwards, in New York, in December 1868, or January 1869, Warde said to the witness that he was authorized to employ him in connection with the affairs of the company, and would pay him for his services and expenses, that he was hoping to get the affairs of the company settled up, and that its affairs had not been well managed."

The two following letters of Warde written to Ezra Carter, one of the original subscribers : " Concord, N. H., November 7, 1868. Mr. Ezra Carter, Portland : Dear Sir, I should like to meet you soon, either in Concord or Boston, if you are to be in either place soon, and talk over the prospects of the New England Express Company. It seems to me that there is not the most perfect harmony and hearty coöperation on all sides that there should be. I have been instrumental in getting stock taken here, and I don't want my friends to lose their money. Please write me. Yours, David A. Warde." " December 24, 1868. Mr. Ezra Carter : Dear Sir, Such a circular as we proposed to issue to the stockholders would get into the hands of outside creditors, and is a virtual acknowledgment that there is a personal liability, which we all are afraid of. Now what we want to do is to reduce the indebtedness as much as possible by discounts, and then call for the money which will be forthcoming. But if you first say to all creditors that they will be paid in full, no discounts will be made, I think, when property is attached. The property attached at Bangor is being eaten up by cost and expense ; and if the attaching creditors are not stockholders, and their claims are proper, and equal in amount the value of the property, some arrangement might be made with them to take it in full settlement of their claim, unless it is to be held as Sargent's, which I think will not be done upon a final settlement with him. That note matter is now the most important thing to be fixed. We shall have no trouble in collecting the money out of our stockholders after we get other matters arranged, and find how much or how little will settle all the bills. Yours, David A. Warde. Inclosed I send you a schedule of the property attached in Bangor, and a letter from Mr. Prescott. Can't you go and see to it, and have it fixed up. David A. Warde."

There was testimony which, it was admitted, was sufficient to prove the liability of the company to the plaintiff for the amount of his claim. The plaintiff did not know of Warde or his connection with the company.

The case was, by consent of the parties, taken from the jury and reported to this court for the determination of the questions

of law arising therein. If, upon the facts and evidence reported, the jury would have been authorized to find Warde liable, as a partner in the New England Express Company, for the plaintiff's claim, judgment to be entered for the plaintiff for the full amount of his claim; if Warde was liable for only a part of the plaintiff's claim, then judgment to be entered for so much as he was liable for; if Warde was not liable, then judgment to be entered for him.

*T. L. Wakefield & G. W. Estabrook*, for Warde.

*S. C. Darling*, for the plaintiff.

MORTON, J. The "New England Express Company," being an unincorporated joint stock company, was a partnership, and each member is liable for its debts. *Taft* v. *Ward*, 106 Mass. 518. *Bodwell* v. *Eastman*, Ib. 525. *Frost* v. *Walker*, 60 Maine, 468.

The defendant contends that there was not sufficient evidence to warrant the jury in finding that he was a member of the company at the time the plaintiff's debt was contracted. We think there was. The articles of association provided that no one but a stockholder was eligible as a trustee. The witness Waldron testified that the defendant was elected a trustee in 1867; that he attended meetings and took part in the deliberations of the trustees at New York and Boston; that he told the witness he had taken an interest in the company, having subscribed for fifty shares in the name of Warde, Humphrey & Company, of which firm he was a member, and had paid an assessment on the same of $250; that he was at the office of the company in Boston, "off and on, from Concord;" and that the company began business in August 1868. Sargent testified that in December 1868 Warde told him he was an officer of the company, and was authorized to employ the witness in connection with the affairs of the company. The plaintiff also put in evidence two letters written by Warde, dated November 7, and December 24, 1868. In connection with this testimony, are to be considered the facts that it was in the power of Warde to explain fully his connection with the company, and that he did not choose to do so.

It is not our province to judge of the credit of the witnesses. Assuming that they were believed by the jury, we think there

was sufficient evidence to justify a reasonable inference that Warde had subscribed for stock and was entitled to share in the profits of the business, if any were realized, and that he was one of the promoters and original movers in the enterprise, and therefore that he was a member of the partnership at the time the plaintiff's services were rendered, and, as such, personally liable to pay his debt.

As the jury would have been authorized to find the defendant liable as a partner, it follows that, according to the terms of the report, judgment is to be entered for the plaintiff for the full amount of his claim. *Judgment for the plaintiff.*