[5. Cited in Dinsmore v. Philadelphia & R. R. Co., Case No. 3,921, to the point that corporations may sue and be sued as citizens.]

Charles O'Conor, Francis B. Cutting, Samuel Blatchford, and Clarence A. Seward, for plaintiffs.

John W. Ashmead and Philip J. Joachimssen, for defendant.

---

## Case No. 3,920a.

DINSMORE v. NASHVILLE, ETC., R. CO.

[See 2 Fed. 465.]

---

DINSMORE (PETTINGILL v.). See Case No. 11,045.

## Case No. 3,921.

DINSMORE v. PHILADELPHIA & R. R. CO.

[32 Leg. Int. 388; 11 Phila. 483; 1 Law & Eq. Rep. 351; 3 Cent. Law J. 157; 2 Wkly. Notes Cas. 275; 1 La. Law J. 108; 7 Am. Law Rev. 765; 23 Pittsb. Leg. J. 112.] [1]

Circuit Court, E. D. Pennsylvania. Oct. 25, 1875.

FEDERAL JURISDICTION — CITIZENSHIP OF CORPORATIONS—DEFECTIVE AVERMENT.

The averment that the complainant is "a joint stock association * * * formed in the state of New York * * * under the laws of the state of New York," neither imports that it is a corporation created by another state, nor that its members are citizens of another state; the bill is therefore dismissed by the United States' circuit court for want of jurisdiction.

[Criticised in Maltz v. American Exp. Co., Case No. 9,002. Cited in Imperial Refining Co. v. Wyman, 38 Fed. 579; Sanford v. Gregg, 58 Fed. 623.]

[This was a suit in equity by William B. Dinsmore, president of the Adams Express Company, and the Express Company against the Philadelphia and Reading Railroad Company. On demurrer to the bill.]

George L. Crawford and B. H. Brewster, for complainants.

James E. Gowen, for respondent.

McKENNAN, Circuit Judge. This suit is brought in the name of William B. Dinsmore, president of the Adams Express Company, and the Adams Express Company, which the bill, as amended, avers "are a joint stock association, composed of more than seven shareholders, formed July 1, 1854, in the state of New York, by certain written articles, a copy whereof is hereto annexed, marked 'A,' and then duly executed by the parties thereto, under the laws of the state of New York, and having the legal entity, powers and immunities in said laws provided." The defendant challenges the jurisdiction of the court, and has demurred to the bill on the ground that "it neither avers that the joint stock company or association, styled therein 'The Adams Express Company,' was, at the date of the filing of said bill, a corporation, nor that the members thereof were citizens of the state of New York, or of some other state than Pennsylvania."

Whether a corporation, expressly created by the laws of a state, could be treated as a citizen of the state, by which it was chartered, within the meaning of the constitution and the 11th section of the judiciary act [1 Stat. 78], so that it might sue or be sued in a federal court, has been the subject of frequent and earnest contention in the supreme court. In the earlier cases, jurisdiction of a suit brought by a corporation, was denied, unless it was averred in the pleadings, not

---

[1] [Reported from 32 Leg. Int. 388, by permission. 1 Law & Eq. Rep. 351, 7 Am. Law Rev. 765 and 23 Pittsb. Leg. J. 112, contain only partial reports.]

only that the litigant was a corporation created by a law of a state, and located and established within it, but also that its members were citizens of such state. Bank of U. S. v. Deveaux, 5 Cranch [9 U. S.] 61. In more recent cases, it has been determined that no express averment need be made of the citizenship of the members of a corporation suitor, but that they shall be conclusively presumed to be citizens of the state by the laws of which the corporation is averred to have been created, and in which it is located. Louisville R. Co. v. Letson, 2 How. [43 U. S.] 497; Marshall v. Baltimore & O. R. Co., 16 How. [57 U. S.] 314; Covington Drawbridge Co. v. Shepherd, 20 How. [61 U. S.] 233; Ohio & M. R. Co. v. Wheeler, 1 Black [66 U. S.] 297; Paul v. Virginia, 8 Wall. [75 U. S.] 168. But to warrant this presumption and so to give jurisdiction to the court, it has in these cases been deemed essential to aver that the corporate body suing as such was distinctively a corporation, so created by law. This precision of averment was expressly required in Pennsylvania v. Quicksilver Min. Co., 10 Wall. [77 U. S.] 553, where the declaration described the defendant as "a body politic in the law of, and doing business in, the state of California;" and the court say: "And the question in this case is, whether it is sufficiently disclosed in the declaration that this suit is brought against a citizen of California; and this turns upon another question, and that is, whether the averment there imports that the defendant is a corporation created by the laws of that state; for, unless it is, it does not partake of the character of a citizen within the meaning of the cases on that subject," and the averment was held to be insufficient. It is true that Liverpool Ins. Co. v. Massachusetts, 10 Wall. [77 U. S.] 566, may be regarded as advancing beyond the line of preceding decisions in reference to the kind of association which may be treated as a body politic. But the only contested question in the case was, whether the plaintiff in error, an association formed in England under a deed of settlement, and endowed by several acts of parliament with various corporate faculties, was a foreign corporation, and so subject to a tax imposed upon its business by a law of the state of Massachusetts. The court, regarding it as endowed by law with all the essential faculties of a corporation, hold that it must be treated as such within the meaning of the Massachusetts statute, notwithstanding a provision in the acts of parliament conferring special powers upon it, that they shall not be construed to incorporate it. But the suit was brought in a state court, and it was admitted that all the members of the company were citizens of Great Britain and New York, and there was no question in the case touching the sufficiency of any jurisdictional averment in the pleadings. The logical sequence of the decision, perhaps, is, that a joint stock association, upon which the laws of a state

have impressed the essential character of a corporation, may sue and be sued, as such, in the federal courts, but it does not change the rule, established by a long series of decisions, requiring proper averments in the pleadings to show the jurisdiction of the court. Now it must be manifest in some form that the members of the association, in whose behalf the suit is brought, are citizens of another state than the state of Pennsylvania. There is no express averment in the bill to this effect. Can it be presumed from the averment that the association suing was "formed in the state of New York, by certain written articles, duly executed by the parties thereto, under the laws of the state of New York, and having the legal entity, powers and immunities in said laws provided"? There is certainly no authoritative warrant for such a presumption. Observing the rule established by all the cases, this presumption could result only from the corporate character of the litigant, indicated by appropriate averments, or shown to be its distinctive condition by a public law of a state, which the court is bound to notice. The fundamental reason of the rule is, that the creation of a body politic by the law of a state fixes its habitancy exclusively in that state, and that, as it can have no exterior existence or recognition except by mere comity, the real parties to the controversy—its stockholders, described under their collective name—may, for purposes of jurisdiction, be presumed to have the same residence. The original organization of a voluntary association in the state of New York and this is all that the averment imports—which prescribes and defines its own powers, manifestly to be exercised in other states as well as in it, does not denote that state as its permanent and exclusive domicil. Nor is the averment helped by any public law of the state of New York to which our attention has been called. There does not appear to be any statute authorizing or providing for the creation and organization of such associations, while there are several which confer upon joint stock associations some of the faculties of a corporation. But from all that does appear, the association complainant is a mere collective body, so constituted by articles framed and adopted by the persons who compose it, and of which the public have not necessarily any knowledge whatever. For us to treat such a body as a judicial person, an averment of whose existence, and of the place of its original formation, however full, would furnish the basis of a conclusive presumption as to the citizenship of its constituent members, would carry us beyond the point which any decision of the supreme court has yet reached. We ought not, however, to be forgetful that that court, in considering this jurisdictional question, and while following its own previous decisions on the mere ground of authority, have expressed regret that these decisions

were made, and have declared that the line which they establish ought not to be over-stepped. Louisville R. Co. v. Letson, 2 How. [43 U. S.] 555. Thus admonished, we ought not to take the advance step which we would be required to take to uphold the sufficiency of this averment to give this court jurisdiction of the bill, but await the guidance of the tribunal whose rightful province it is to prescribe a new rule for our government. The demurrer must, therefore, be sustained for the first cause assigned in it, and the bill of complaint be dismissed.