ATTORNEY GENERAL *vs.* MERCANTILE MARINE INSURANCE COMPANY.

Suffolk. March 27. — May 8, 1876. DEVENS & LORD, JJ., absent. Nov. 29, 1876. — Jan. 31, 1877.

The St. of 1874, *c.* 222, relating to dividends of joint stock fire and marine insurance companies, does not apply to insurance companies established under special charters.

INFORMATION IN EQUITY, filed January 31, 1876, by the attorney general, at the relation of Stephen H. Rhodes, insurance commissioner, alleging that the defendant, a corporation under the laws of the Commonwealth, did, in contravention of the St. of 1874, *c.* 222,* declare and pay, during the year 1875, a cash dividend or dividends exceeding ten per cent. upon its capital stock, as a dividend for that year.

The defendant demurred for want of equity, and the case was reserved by *Endicott*, J., upon the information and demurrer, for the consideration of the full court, and appears in the opinion.

The case was argued in March, 1876, and judgment ordered in May, 1876, sustaining the demurrer. The attorney general thereupon moved for a rehearing, and this motion was submitted on briefs to the whole court in November, 1876.

*C. A. Welch*, in support of the demurrer.

*W. C. Loring*, Assistant Attorney General, ( *C. R. Train*, Attorney General, with him,) *contra.*

ENDICOTT, J. The defendant company was incorporated in 1862, under a special charter which contains the usual provisions subjecting it to all the duties, liabilities and restrictions set forth in the general laws relating to corporations and insurance companies. It is contended by the informant that the provisions of the St. of 1872, *c.* 375, and of the St. of 1874, *c.* 222, relating to the dividends of joint stock fire and marine insurance companies, apply to it, and that it is not authorized to declare and pay to its stockholders in any year cash dividends in excess of ten

---

* "Joint stock fire and marine insurance companies, organized under the laws of this Commonwealth, are hereby authorized to declare and pay to the stockholders of their respective companies cash dividends, not exceeding ten per centum in any one year, on their capital stock," &c.

per cent. on its capital stock. But, upon an examination of the statutes, we are of opinion that these provisions have no application to an insurance company established under a special charter.

The words "joint stock company," as used in the statutes of this Commonwealth, refer to companies organized under general laws as corporations. The earliest statute, under which individuals were authorized to form a corporation without the formality of a special charter, so designates this class of corporations. St. 1851, *c.* 133. And in later statutes, prior to the enactment of the General Statutes, the same phrase is uniformly used. Sts. 1852, *cc.* 9, 76 ; 1854, *c.* 438 ; 1855, *cc.* 68, 478. In the St. of 1852, *c.* 76, certain bonds to be given by corporations are referred to as bonds "issued by any corporation or joint stock company." In the reënactment of this provision in the Gen. Sts. *c.* 53, § 6, the same phraseology is used. In other chapters of the General Statutes, corporations having no special charter are designated as corporations "organized under general laws." Gen. Sts. *c.* 57, § 110 ; *c.* 61. In *c.* 68, § 16, relating to the liability of stockholders for certain debts of corporations, reference is in terms made to stockholders of corporations "organized under any special or general act." This distinction is observed throughout the General Statutes, between corporations established under special charters, and those organized under general laws ; and when the term "joint stock company" is used, it clearly refers to the latter class. The same use of the words "joint stock company," and the same distinction between corporations organized under general or special laws are to be noticed in subsequent statutes. The Sts. 1861, *c.* 121; 1862, *cc.* 182, 210, designate these corporations as joint stock companies; and the Sts. 1863, *c.* 236 ; 1864, *c.* 201, § 1, and *c.* 208, §§ 1, 10 ; 1865, *c.* 283, §§ 1, 3, 8; 1870, *cc.* 144, 224, § 13 ; 1871, *c.* 110, § 2 ; all relating to corporations, distinguish the two kinds of corporations, and refer in terms to those organized under special and under general laws. The phrases "joint stock company" and "corporations organized under general laws," as used in all the statutes above cited, are convertible terms, and refer to the same class of corporations, as distinguished from those established under special charters.

But one statute passed during this period, from 1851 to 1871, has been called to our attention, in which the words "joint stock company" are used in any other sense. The St. of 1868, c. 317, relating to foreign and to mutual insurance companies, in § 3, contains this clause: "The provisions of law relating to the capital of joint stock insurance companies shall be applicable to the cash capital of such mutual companies." At that time, there was no general law under which an insurance company could be organized, and, strictly speaking, there were no joint stock insurance companies; and it is evident that reference is had to stock companies acting under special charters. But we cannot, from an inaccurate use of words in a single statute, merely by way of reference to other provisions of law, infer that it was intended to designate all corporations, whether organized under general or special laws, as joint stock companies.

We are therefore of opinion that, in 1872, when, for the first time, a general law was passed authorizing the formation of insurance companies, the words "joint stock company" still had the same meaning, and referred to the same class of corporations, organized under general laws, as in the first statute of 1851, c. 133; and this use of the phrase is in accordance with its legal use and meaning. The words "joint stock company" have never been used as descriptive of a corporation created by special act of the Legislature, and authorized to issue certificates of stock to its shareholders. They describe a partnership made up of many persons acting under articles of association, for the purpose of carrying on a particular business, and having a capital stock, divided into shares transferable at the pleasure of the holder. See *Oliver* v. *Liverpool & London Ins. Co.* 100 Mass. 531; *S. C.* 10 Wall. 566; *Hoadley* v. *County Commissioners*, 105 Mass. 519; *Taft* v. *Ward*, 106 Mass. 518. The statutes of this Commonwealth provide that a given number of persons, thus associating themselves together to carry on certain kinds of business, may, upon complying with the requisite forms and regulations, become corporations. Differing so materially in their origin from corporations created by special charter, the term "joint stock company" is an apt and proper designation of them as companies or corporations originally formed under articles of association. The words, as used in the St. of 1872, c. 375, §§ 2,

13, 17, and in the St. of 1874, *c.* 222, refer to companies organized under the act of 1872, and have no application to companies established under charters. Such being the necessary construction, it follows that the defendant is not limited to a cash dividend of ten per cent. in any year.

The St. of 1875, *c.* 27, disregards the distinction here pointed out, and which is observed in previous statutes, between joint stock companies and companies acting under special charters. The title is, " An act in relation to the increase and reduction of the capitals of joint stock insurance companies." The first four sections provide that all insurance companies may reduce their capital stock when impaired, and direct the manner in which it may be done. This clearly includes companies organized under general laws and under special charters. By § 5, any joint stock fire or marine insurance company, incorporated under any special laws of this Commonwealth, may increase its capital as provided in the St. of 1872, *c.* 375, § 13. Although there are no joint stock insurance companies organized under special laws, it is apparent that this section was intended to refer to companies acting under special charters, and to provide that such companies may avail themselves of the provisions of that section of the St. of 1872, and, at a special meeting called for the purpose, may increase their capital stock. But this is the extent of the operation of § 5. It does not impose upon chartered companies all the obligations, or extend to them the other privileges given to insurance companies organized under that act, and cannot be said, in terms or by implication, to subject them to the provisions of § 17, and to the St. of 1874, *c.* 222.

The effect of the St. of 1875, *c.* 27, so far as insurance companies established by a special charter are concerned, is to give them the power to reduce their capital agreeably to the provisions of §§ 1–4, and to increase their capital as provided in the St. of 1872, *c.* 375, § 13 ; which reduction and increase could, before that time, only have been obtained by an act of the Legislature.

The phraseology of the title of the act, and the language of § 5, cannot affect the construction given to previous acts. The demurrer must therefore be sustained, and the

*Information dismissed.**

---

* By the St. of 1877, *c.* 36, § 1, passed March 10, 1877, the St. of 1874, *c.* 222, § 1, is "amended so that the words ' joint stock fire and marine insur-

ance companies organized under the laws of this Commonwealth' shall be con-
strued to include all fire, marine, and fire and marine insurance companies in
this Commonwealth, having a paid up cash capital stock in conformity to law,
whether acting by authority of a specific charter or organized under the gen-
eral laws of this Commonwealth, but not to include mutual insurance compa-
nies having a guarantee capital; and the words 'joint stock,' as applied to
insurance companies in the various statutes of this Commonwealth, shall be
construed as heretofore provided in this act."