FOSTER D. EDWARDS *vs.* WARREN LINOLINE AND GASOLINE
WORKS & trustee.

Suffolk.    November 20, 1896. — June 15, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Trustee Process — Principal Defendant — Joint Stock Company — Partnership.*

A partnership association formed under the laws of Pennsylvania contained in
Brightly's Purdon's Digest, (12th ed.) 1086–1088, is not a corporation, and cannot
be sued here as such.

TRUSTEE PROCESS. The principal defendant was described
in the writ as " a joint stock company organized under the laws
of Pennsylvania." The trustee, which was a Massachusetts cor-
poration, filed an answer setting forth reasons why it should not
be charged, and to interrogatories propounded by the plaintiff,
made answers, the nature of which appears in the opinion.
The trustee moved that it be discharged. The Superior Court
allowed the motion, discharged the trustee with costs, and dis-
missed the action ; and the plaintiff appealed to this court.

The case was argued at the bar in November, 1896, and after-
wards was submitted on briefs to all the justices.

*R. B. Kendall,* for the plaintiff.

*B. G. Davis,* for the trustee.

LATHROP, J. It is conceded by the plaintiff, that, as the juris-
diction of the court depends upon charging the Walworth Manu-
facturing Company as trustee, inasmuch as there was no service
upon the principal defendant, the action was properly dismissed
upon discharging the trustee.

The question then is whether the trustee was properly dis-
charged, and this depends upon whether the principal defendant,
an association formed under the laws of the State of Pennsyl-
vania, is a partnership or a corporation.

The trustee's answers to interrogatories refer to Brightly's
Purdon's Digest, (12th ed.) 1086–1088, and to the cases of *Eliot
v. Himrod,* 108 Penn. St. 569, and *Sheble* v. *Strong,* 128 Penn.
St. 315, as containing the law relative to the statement in the

answer, that the principal defendant was a partnership, and not a corporation.

From the Digest it appears that such an association is styled a " partnership association," and not a corporation.   By the terms of the various acts which have been passed upon the subject, such an association may be formed by three or more persons.   The capital is alone to be liable for the debts.   There is no personal liability of the members, except to the extent of any unpaid subscription, if certain provisions of the act are complied with. " Interests in such partnership associations " are declared to be personal estate, and are transferable, under such rules and regulations as shall from time to time be prescribed; but if there are no such rules and regulations, the transferee of any interest in any such association is not entitled to any participation in the subsequent business of the association, unless elected to membership therein by a vote of a majority of the members in number and value of their interests.   The business is to be conducted by a board of managers.   The duration of the association may be fixed by the articles of association, but is not to exceed twenty years.

Power to adopt and use a common seal is given in case the association has occasion to execute a deed of conveyance or bonds and mortgages.   Land sold to the association, or by it, is required to be conveyed in the name of the association.   It is further provided: " Said association shall sue and be sued in their association name ; and when suit is brought against any such association, service thereof shall be made upon the chairman, secretary, or treasurer thereof; which service shall be as complete and effective as if made upon each and every member of such association."

In *Eliot* v. *Himrod*, 108 Penn. St. 569, 580, it is said by Mr. Justice Trunkey, in delivering the opinion of the court: " The formation of a limited partnership association is materially different from the creation of a corporation.   Such association is treated in the statute as a partnership which, upon the performance of certain acts, shall possess specified rights and immunities.   In contemplation that the association may consist of. many members, for convenience it is clothed with many of the features and powers of a corporation, such as the right to sue

and be sued, grant and receive, in the association name. But no man can purchase the interest of a member and participate in the subsequent business, unless by a vote of a majority of the members in number and value of their interests. No charter is granted to the persons who record their statement." *Sheble* v. *Strong,* 128 Penn. St. 315, 318, is to the same effect.

If the question presented were an open one in this Commonwealth, it might well be held that such an association could be considered to have so many of the characteristics of a corporation that it might be treated as one.

At common law, a joint stock company formed for business purposes is considered in this Commonwealth merely as a partnership. *Tappan* v. *Bailey,* 4 Met. 529. *Tyrrell* v. *Washburn,* 6 Allen, 466.

The same rule has been applied to joint stock associations formed under the laws of the State of New York, which do not differ, in any essential respect, from the laws of Pennsylvania. *Taft* v. *Ward,* 106 Mass. 518, and 111 Mass. 518. *Bodwell* v. *Eastman,* 106 Mass. 525, 526. *Gott* v. *Dinsmore,* 111 Mass. 45, 51. *Boston & Albany Railroad* v. *Pearson,* 128 Mass. 445. See also *Frost* v. *Walker,* 60 Maine, 468; *Dinsmore* v. *Philadelphia & Reading Railroad,* 32 Leg. Int. 388, and 11 Phila. 483.

In *Taft* v. *Ward,* 106 Mass. 518, 524, speaking of the New York statutes, it was said by Chief Justice Chapman:

" These statutes provide, in substance, that any association, consisting of seven or more shareholders or associates, may sue and be sued in the name of the president or treasurer; that in such suit a judgment may be rendered against the company; and until an execution is issued against the company, and returned unsatisfied, no action shall be maintained against individuals. These statutes seem to apply to all copartnerships consisting of seven or more members. The members of such companies are authorized to hold their interests in shares, which are assignable like shares of stock in a corporation, and the action against the members is regarded as supplementary to the action against the company. *Waterbury* v. *Merchants' Union Express Co.* 50 Barb. 157. *Robbins* v. *Wells,* 1 Robertson, 666.

" So far as these statutes relate to the procedure in courts for the recovery of debts, they are limited to the State of New York;

for each State adopts its own forms of remedy.  Story, Confl. Laws, §§ 556-558.  The plaintiff could not in this Commonwealth bring an action against the president or secretary, and obtain a judgment against the company by its name; nor could he bring an action against the members, or any of them, as a supplement to such an action.  In order to do so, we must hold that the statutes of New York prescribing forms of action are in force here.  In this Commonwealth, such a company is a mere copartnership."

There is nothing inconsistent with an association being a partnership that it has shares, or that the shares are transferable, or that the death of a member shall not work a dissolution of the partnership.  *Phillips* v. *Blatchford,* 137 Mass. 510.   See also *Hoadley* v. *County Commissioners,* 105 Mass. 519; *Gleason* v. *McKay,* 134 Mass. 419.

The case mostly relied upon by the plaintiff is *Liverpool Ins. Co.* v. *Massachusetts,* 10 Wall. 566, which was taken to the Supreme Court of the United States on a writ of error from this court.  See *Oliver* v. *Liverpool & London Ins. Co.* 100 Mass. 531. It was a bill in equity, filed by the Treasurer of the Commonwealth under the St. of 1862, c. 224, § 11, to restrain the defendant from prosecuting its business until the tax assessed upon it by § 2 of the statute had been paid.  This section provided that " each fire, marine, and fire and marine insurance company incorporated or associated under the laws of any government or State other than one of the United States,'' should annually pay a certain tax.   The defendant was an English company formed for the business of insurance, and organized under a deed of settlement. Its property was divided into transferable shares.   It had power to sue and be sued by the name of its chairman, and a suit did not abate by reason of the death of such officer.   The company could sue its own members, and be sued by them.   Execution on any judgment recovered against the company could be issued against any proprietor.   The statute under which it was formed and subsequent statutes declared that it should not be deemed to be incorporated.   The company was composed in part of British subjects and in part of citizens of the State of New York.

This court, after stating that it was not a pure corporation nor a pure partnership, but was an association intermediate

between corporations known to the common law and ordinary partnerships, and was so far clothed with corporate powers that it might be treated, for the purposes of taxation, as an artificial body, proceeded to say : " We think the defendants are an association of the kind to which the statute of 1862 was expressly intended to apply, as well as to bodies wholly corporate in their character ; and that, being permitted by the comity of our laws to exercise their functions within this Commonwealth, they can claim no exemption from regulations appropriate to their collective action on account of the citizenship or nationality of their individual members."

In the Supreme Court of the United States, the decree of this court was affirmed, on the ground that the company was a foreign corporation ; but Mr. Justice Bradley, while agreeing in the result, differed on the question whether the company was a corporation. He was of opinion that it was one of those special partnerships called joint stock companies, and that it could not sue or be sued in this country without legislative aid.

This view of Mr. Justice Bradley is in accord with the view of this court, and we are not aware that the view taken by the Supreme Court of the United States has been followed in this Commonwealth. The decisions which we have already cited show that a foreign joint stock company is considered as an association or partnership, and not as a corporation.

An examination of the statutes further shows that the Legislature has clearly recognized the distinction between foreign corporations and associations ; and that where it has deemed it best that an act should apply to an association as well as to a corporation, it has said so in plain language. Thus the St. of 1882, c. 106, relating to the taxation of foreign mining, quarrying, and oil companies, and requiring the appointment of an agent here upon whom process may be served, uses the language, " every corporation, company, or association."

The St. of 1887, c. 214, in § 1 provides : " When consistent with the context, and not obviously used in a different sense, the term ' company ' or ' insurance company ' as used herein includes all corporations, associations, partnerships, or individuals engaged as principals in the business of insurance." The language is the same in the St. of 1894, c. 522, § 1.

By the St. of 1888, c. 429, § 11, "fraternal beneficiary corporations, associations, or societies," organized under the laws of another State and then doing business here, were allowed to continue business without incorporation under the act. But by the St. of 1892, c. 40, § 1, this was amended by striking out the words "associations or societies."

The St. of 1884, c. 330, requires "Every corporation established under the laws of any other State or foreign country," and hereafter having a usual place of business here, before doing business, to appoint in writing the commissioner of corporations, or his successor in office, to be its true and lawful attorney, upon whom process might be served.

The St. of 1888, c. 321, allows "Manufacturing corporations established under the laws of other States," which have complied with the provisions of the St. of 1884, c. 330, to purchase and hold such real estate here as may be necessary for conducting their business.

By the St. of 1895, c. 311, "Foreign corporations engaged in the business of selling or negotiating bonds, mortgages, notes, or other choses in action," are made subject to the provisions of the St. of 1884, c. 330.

The St. of 1896, c. 391, § 1, contains a provision relating to the personal liability, under certain circumstances, of "the officers and members or stockholders in any corporation established under the laws of any other State or foreign country." See also St. 1895, c. 157.

Many other instances of legislation might be given where the distinction between a corporation proper and a mere association or organization is shown to be clearly in mind.

Unless the principal defendant can be considered a corporation, it cannot be sued here under the name which the laws of Pennsylvania authorize it to use. Such laws have no extraterritorial force or effect. The trustee, therefore, was properly discharged.

In the opinion of a majority of the court, the order discharging the trustee and dismissing the action must be

*Affirmed.*