## McCARTY v. CALEDONIA COAL CO.

JOINT STOCK COMPANIES — PARTNERSHIP ASSOCIATIONS — WORK, LABOR AND SERVICES.

Under a by-law of a partnership association providing that its members should be bound by the articles of association, by-laws and its rules and regulations, a stockholder who performed work for the association, and had received no pay therefor, was not barred from maintaining an action after two years, notwithstanding the adoption of a resolution by the stockholders deferring payment for work, the money to be used in developing the corporate property.

Error to Saginaw; Gage, J. Submitted January 19, 1911. (Docket No. 122.) Decided March 13, 1911.

Assumpsit in justice's court by Joseph McCarty against the Caledonia Coal Company, Limited, for work, labor, and services. From a judgment for plaintiff, defendant

appealed to the circuit court. A judgment for plaintiff on a verdict directed by the court is reviewed by defendant on writ of error. Affirmed.

*Snow & Snow*, for appellant.

*Miles J. Purcell*, for appellee.

Moore, J. From a directed verdict in favor of the plaintiff this case is brought here by writ of error. The defendant is a partnership association organized under Act No. 191 of the Public Acts of 1877 (2 Comp. Laws, § 6079), entitled "An act authorizing the formation of partnership associations in which the capital subscribed shall alone be responsible for the debts of the association, except under certain circumstances," as amended by Act No. 244 of the Public Acts of 1903. The plaintiff became a member of and stockholder in the defendant association January 2, 1907, and he claims to have sold this stock February 26, 1910. It has never been transferred on the books of the company. Plaintiff commenced work for defendant about the 1st of June, 1907, at $2.60 a day. Plaintiff quit work May 15, 1908. This suit was commenced in February, or March, 1910, to recover a balance for the unpaid wages which plaintiff claims amounted with interest to the sum of $118.40, and it is this sum for which the verdict was directed.

In section 6080, 2 Comp. Laws, is the following:

"That nothing herein contained shall be construed to exempt the members of such partnership association from individual liability for all labor performed for the association."

In regard to any other debts, the provision of the act is:

"The members of any such partnership association shall not be liable under any judgment, decree or order which shall be obtained against such association, or for any debt or engagement of such company, further or otherwise than is hereinafter provided, that is to say; if

any execution or process in the nature of execution, either at law or in equity, shall have been issued against the property or effects of the company, and if there cannot be found sufficient thereof whereon to levy or enforce such execution or other process, then such execution or other process may be issued against any of the members to the extent of the portions of their subscriptions respectively in the capital of the association not then paid up."

There is no claim that plaintiff had not fully paid for his stock. Article 3, § 3, of the by-laws of the defendant company provides that:

"Any person who has subscribed and paid for one or more shares of stock shall be deemed a member of this association and bound by the articles of association and by-laws and such other rules and regulations as may be from time to time adopted."

It is claimed by defendant that on the 27th day of May, 1907, a resolution was passed at a meeting held by the stockholders providing for the using of money in the development of the plant instead of distributing it among the men and paying 6 per cent. interest on the money which was held up. This is the testimony of one of the witnesses. Another witness testified:

" I moved a resolution that the money due the men be used in propagating the business, and that the men receive 6 per cent. interest, and it was carried unanimously."

The resolution is not found on the records of the association. Defendant admits plaintiff has done the work claimed by him and has not been paid for it, but claims that by virtue of the by-law and the resolutions above quoted it has a complete defense to this cause of action.

The argument is, we quote from the brief of counsel:

"At the conclusion of the proofs in the cause, defendant moved the court to direct a verdict in its favor, for the reason that the plaintiff is and has been, during his entire connection with the defendant, a stockholder in and member of the defendant company, and, as such stockholder, he is bound by the rules and regulations which the company is permitted from time to time to

make, with reference to the management and conduct of its business; that the stockholders of the company, by unanimous action, had made provision that the money on hand to be paid to the members of the company for their work and labor was to be used by the company in the payment of its debts and the carrying on of its business; that the plaintiff, being a member and stockholder of the company, was bound by that action, and that having full knowledge of the action, acquiesced in it and continued with the company some nine or ten months, permitting his pay to be held up, and that he is still a member of the company and is still bound by such action."

It may be conceded that a stockholder of a corporation of this character is bound " by such other rules and regulations as may from time to time be adopted " by the corporation if they are reasonable, but it would be a novel application of this doctrine to hold that a debtor, because a stockholder, could not maintain a suit for wages earned nearly two years before the suit was commenced because the corporation had resolved to apply its funds some other way.    Our attention has not been called to any authority sustaining such a contention.

Judgment is affirmed.

Ostrander, C. J., and Bird, Hooker, and McAlvay, JJ., concurred.