Jessie M. Moore *vs.* Tax Commissioner.

Worcester.   January 14, 1921. — March 3, 1921.

Present: Rugg, C. J., De Courcy, Crosby, Pierce, & Jenney, JJ.

*Tax,* Upon income.   *Corporation,* Liquidation.

Where a foreign corporation, after it had accumulated assets in excess of its capital stock from a successful management of its business for many years and had used such excess assets as actual working capital in carrying on its business in the same manner as other assets were used, which was necessary in conducting the business in a proper and reasonable manner and which had made the business more profitable, ceased to do business and liquidated its assets, a sum of money paid by it in liquidation to a stockholder, who was a resident of Massachusetts, above the par value of his shares is income and is taxable under G. L. c. 62, § 1 (*g*).

Complaint, filed in the Superior Court on March 5, 1919, under St. 1916, c. 269, § 20, for the purpose of appealing from the refusal of the tax commissioner to abate an income tax of six per cent assessed upon $38,500, received by the complainant upon the liquidation of the Jesse Moore-Hunt Company, a California corporation, the complainant then holding two hundred and twenty shares of the capital stock of that corporation of the par value of $100 each.

The respondent agreed that only $16,500 of the sum received by the complainant was income within the provisions of St. 1916, c. 269, and that the complainant was entitled to an abatement of so much of the tax as was assessed upon $22,000.

The facts were agreed upon by the parties. Material facts are described in the opinion. The case came on to be heard by *Fosdick,* J., who reported it upon the pleadings and agreed facts for determination by this court.

*R. B. Dodge,* for the complainant.

*C. R. Cabot,* Assistant Attorney General, for the respondent.

Pierce, J.   The complainant is an inhabitant of this Com-

monwealth, and subject to the provisions of the income tax law. More than twenty years ago she inherited from her father's estate two hundred and twenty shares of stock of the Jesse Moore-Hunt Company, a corporation duly established under the laws of the State of California. The capital stock of this corporation was $238,000, divided into shares of a par value of $100 per share. On January 1, 1916, the corporation had corporate assets equal to or larger than $416,000. Its excess assets over its capital stock on January 1, 1916, were used and had been used for many years as actual working capital in carrying on the business of the corporation in the same manner as other assets were used, and such was necessary in carrying on the business in a proper and reasonable manner. By the use of these assets "from and above the amount of capital stock," the corporation was enabled to conduct a more profitable business, and was saved from the borrowing of that amount of money so properly to conduct its business. The report does not show the nature of the corporate business nor indicate that the capital stock was invested in whole or in part in permanent works; and we infer from the agreed facts that the excess of general assets over the capital stock assets represents gains and profits which had accrued from the successful management of the business for many years.

During the year 1918, the corporation ceased to engage in business, and by proper steps proceeded to liquidate its assets and distribute the same to its stockholders, paying the complainant, as the owner of two hundred and twenty shares of stock, $38,500. The complainant seasonably made a return of her entire income as required by St. 1916, c. 269, § 12. On September 15, 1919, the respondent notified the complainant that he had assessed and levied an income tax on $38,500, contending that said $38,500 was income and as such subject to an income tax under the laws of the Commonwealth. Within three months of said notice the complainant made application to the respondent for an abatement, claiming that said $38,500 was not income, subject to taxation as such, but was a share of the capital of the corporation due her in liquidation. On October 6, 1919, the complainant paid the assessed tax under protest. On October 27, 1919, the respondent notified the complainant that he declined to abate the sum assessed as income in whole or in part. The complainant appealed

to the Superior Court under St. 1916, c. 269, § 20, now G. L. c. 62, § 47. The respondent in his answer to the complaint admits that there should have been an abatement of $22,000.

The precise question now presented is whether the remaining $16,500 is to be considered capital or accumulated profits under the exclusion and inclusion provisions of St. 1916, c. 269, G. L. c. 62, § 1 (*g*), which reads as follows: "No distribution of capital, whether in liquidation or otherwise, shall be taxable as income under this section; but accumulated profits shall not be regarded as capital under this provision." Giving the force which is due to the legislative declaration that in the taxation of incomes accumulated profits shall not be considered capital from the fact that there is or is to be a complete liquidation of the entire corporate assets in the winding up of the affairs of the corporation, we are compelled to set to one side the decisions which hold that, between life tenants and remaindermen, a distribution of the assets of the corporation in complete liquidation is a division of capital although paid in money, and although the fund includes the capital in the strict sense, and all undivided increment, gains and profits of the business. *Gifford* v. *Thompson*, 115 Mass. 478. *Hemenway* v. *Hemenway*, 181 Mass. 406. *Talbot* v. *Milliken*, 221 Mass. 367. We are therefore cast back to the decisions which establish in this Commonwealth a rule by which it may be determined before the winding up of a corporation in liquidation, whether the profits of a business have been converted into permanent capital. *Minot* v. *Paine*, 99 Mass. 101. *Rand* v. *Hubbell*, 115 Mass. 461. *D'Ooge* v. *Leeds*, 176 Mass. 558. *Hemenway* v. *Hemenway, supra. Talbot* v. *Milliken, supra. Gibbons* v. *Mahon*, 136 U. S. 549. By them it is established that accumulated profits in any form do not become the property of the stockholders until they are distributed among them by the corporation, that the corporation may treat such profits as profits or as an addition to its capital without any formal action or declaration on the part of the corporation, that profits do not become capital by mere accumulation and accretion, and that they do become capital if they are used for the purpose of increasing the capital by the issue of new shares or if they are applied to the construction or repair of permanent works.

In the case at bar the pleadings and agreed facts leave no room

for doubt that the authorized capital of the corporation for many years has been paid in by the shareholders, and that for many years there has existed as accumulated undivided profits a large sum of money in excess of the capital stock; it also indisputably appears that these assets have not been capitalized through the declaration of a stock dividend or through an absorption in permanent works of the corporation. It follows that for the purposes of taxation of income the $16,500 is to be treated as accumulated profits, and not as capital.

It results that the complainant is entitled to an abatement of the tax on $22,000; that judgment is to be entered in the complainant's favor against the Commonwealth for an amount equal to the amount of such abatement, with interest from the date of the payment of the tax, and costs.

*Ordered accordingly.*