CHARLES F. AYER *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.   October 7, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Tax,* On income.   *Joint Stock Company.   Partnership.*

An association, formed under Act No. 191 of the Public Acts of the State of Michigan, 1877, the principal business of which is the selling of ore and timber on land owned by it and of some parcels of land, is a joint stock company within the meaning of those words in St. 1916, c. 269, § 2, and money received by a shareholder therein who is a resident of Massachusetts in distribution of the profits from its operation is taxable as income under the statute.

PETITION for abatement of an income tax, filed in the Superior Court on June 20, 1919, and afterwards amended, and described in the opinion.

The petition was heard in the Superior Court by *Bishop,* J., on an agreed statement of facts. Material facts are stated in the opinion. A final decree was entered dismissing the petition. The petitioner appealed. In his counsel's brief before the court, the petitioner stated: "Your petitioner concedes that, if the organization from which this distribution was received were a corporation, then under the law as enunciated by this court the return would be taxable as a dividend. The petitioner contends, how-

ever, that because the moneys have been received, not from a corporation, but from a partnership, the sums so received are not taxable as dividends."

*D. Greer,* for the petitioner.

*R. A. Cutter,* Assistant Attorney General, for the respondent.

PIERCE, J.   This case comes before us on an appeal of the petitioner from an order for judgment for the defendant with his costs, G. L. c. 62, § 47; G. L. c. 59, § 68, entered in the Superior Court on an appeal, under G. L. c. 62, § 47, from the refusal of the commissioner of corporations and taxation to allow an application of the plaintiff for an abatement of taxes assessed under the provisions of St. 1916, c. 269, § 2 (now G. L. c. 62, § 1).

The statement of agreed facts discloses that the petitioner was a citizen and inhabitant of the Commonwealth of Massachusetts during the years 1917 and 1918.   During the year 1917, he was the owner of certain certificates of beneficial interest of the Keweenaw Land Association, Limited, a partnership association having transferable shares and organized under the provisions of Act No. 191 of the Public Acts of the State of Michigan for the year 1877, and as such owner he received from that association the sum of $5,620.10. In 1918 he filed with the income tax deputy an income tax return as required by law, alleging it to be a distribution of capital of the said association.   The tax commissioner, purporting to act in accordance with the provisions of St. 1916, c. 269, § 2 (now G. L. c. 62, § 1) and especially subsections (b) and (c) of said section, assessed a tax upon the amount so received at the rate of six per cent, contending that the payments so received by the plaintiff were dividends and subject to tax as such.   A claim for abatement was seasonably filed by the petitioner and disallowed by the tax commissioner, and the petitioner duly instituted this action within the time prescribed by law.

The articles of association of the Keweenaw Land Association, Limited, are attached to the agreed statement of facts. The association was organized on July 21, 1908, and began business immediately thereafter.   It took over the assets and

liabilities of the Keweenaw Association, Limited, a partnership organization formed under the same act, paying for them with participation interests in the association. The assets so purchased consisted of real estate, value not estimated, furniture, bills receivable, accounts receivable, cash and an investment account, to a value of $571,929.87. The real estate included standing timber, surface land, and minerals, the value of which has since been determined by a retroactive appraisal to be $13,090,586.21. The fair market value of these properties on October 28, 1908, based on the knowledge of all the parties, was materially less than the sum of $13,-090,586.21, because of the fact that mineral deposits actually in the land were discovered upon this property after that date. The operations of the association consist practically entirely in the selling of the ore and timber from these properties; there is also some income from the sale of land as such. Prior to April 1, 1916, the association had a net return of $4,698,973.98 without making any allowance for deduction by depletion. The total amount of such sales of ore, timber and land taken at the valuation of the property as of October, 1908, was $2,246,016.47. Because of the discoveries of new ore deposits and mineral sources, and because of appreciation in value of the assets of the association, there remained in the hands of the company on April 1, 1916, and at all times since April 1, 1916, property of a value "vastly in excess" of the total fair market value in October, 1908. At all times since January 1, 1916, the association has had property, acquired in October, 1908, from the old association, of a value in excess of the sum of $15,000,000, "despite distributions" to holders of the shares of the company of $4,477,000. The details of the distributions during the years 1916 and 1917 are set forth in the agreed statement of facts.

It is the contention of the respondent that all dividends paid to the petitioner by the association during the year 1917 were taxable as dividends at six per cent within the meaning of St. 1916, c. 269 (now G. L. c. 62); and that these dividends were not dividends in liquidation of capital, but were taxable dividends from accumulated profits within the meaning of

the tax act. The petitioner contends that the association "is a partnership with transferable shares" and is not a joint stock association; that the amounts distributed to him are in fact a return of principal and are not income; that the question of determining how much of the amounts received is income and how much is return of capital should be determined in the same manner as if the association were a partnership without transferable shares. He concedes that if the organization from which this distribution was received were a corporation, then under the law the return would be taxable as a dividend. *Moore* v. *Tax Commissioner*, 237 Mass. 574. *Tilton* v. *Tax Commissioner*, 238 Mass. 596. *Lapham* v. *Tax Commissioner*, 244 Mass. 40. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 262 Mass. 1. *Follett* v. *Commissioner of Corporations & Taxation*, 267 Mass. 115.

The statute under which the association was organized (Act No. 191 of the Public Acts of the State of Michigan, 1877) provides (1) for limited liability of members with certain exceptions; (2) for a duration of the association not to exceed twenty years regardless of the death of any shareholder; (3) for shares which may be transferred under the rules and regulations of the association as personal property; (4) for the right to sue and be sued in their association name and when sued for service of the writ or process upon certain officers of the association "which service shall be as complete and effective as if made upon each and every member of such association"; (5) the right to hold real and personal property for the conduct of any lawful business or occupation in the United States or elsewhere provided its principal office or business shall be established and maintained within the State of Michigan; (6) for the right from time to time to divide the profits of its business in such manner and in such amounts as a majority of its managers may determine, which profits so divided shall not at the time diminish or impair the capital of the said association; (7) for annual election by the members of the association of a board of managers, one of whom shall be chairman, one the treasurer and one the secretary;

and (8) a provision that the capital subscribed shall alone be responsible for the debts of the association, except under certain circumstances.

It is evident the powers and privileges, conferred by the Michigan Act of 1877 upon partnership associations organized under its provisions, are in character similar to the rights and privileges which ordinarily are attributes of business corporations. The associations formed under the Michigan statute are essentially *quasi* corporations and have been treated as such in the State of Michigan, *Whitney Realty Co.* v. *Secretary of State*, 228 Mich. 96, 99; and the decisions of that State have held that, for nearly all purposes, partnership associations organized under the Michigan statute are in Michigan governed by the rules applicable to corporations. *Rouse, Hazard & Co.* v. *Detroit Cycle Co.* 111 Mich. 251, 257. *Staver & Abbott Manuf. Co.* v. *Blake*, 111 Mich. 282, 286. *McCarty* v. *Caledonia Coal Co.* 164 Mich. 692. *Goodspeed* v. *Wayne Circuit Judge*, 199 Mich. 273, 279. The Legislature evidently intended by the act to differentiate these associations formed under the statute from corporations. Although the associations formed under the Michigan statute have some of the powers and privileges of corporations, they have also the characteristic features of a joint stock company, in that, when organized, the partnership association consists of three or more members, it has a permanent paid up capital of a fixed amount divided into transferable shares also of a fixed amount, and it is formed on the principle of having for its members the holders of shares of such capital and no other persons. *Attorney General* v. *Mercantile Marine Ins. Co.* 121 Mass. 524, 526. *Edwards* v. *Warren Linoline & Gasoline Works*, 168 Mass. 564.

We think the Keweenaw Land Association, Limited, is a joint stock company within the meaning of these words in St. 1916, c. 269, § 2, which so far as material read: "(b) Dividends on shares in all corporations and joint stock companies organized under the laws of any State or nation other than this Commonwealth, except national banks and except such foreign corporations as are subject to a tax

upon their franchises payable to this Commonwealth under the provisions of sections forty-three and fifty-two of Part III of chapter four hundred and ninety of the acts of the year nineteen hundred and nine, and acts in amendment thereof and in addition thereto. (c) Dividends on shares in partnerships, associations or trusts, the beneficial interest in which is represented by transferable shares, except dividends on shares of the following. . . .''

No question of the constitutionality of the law as applied to the taxation of the dividends received by the petitioner is now raised by him.

It results that the order entered for the defendant in the Superior Court is affirmed.

*So ordered.*