BOSTON SAFE DEPOSIT AND TRUST COMPANY, executor, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.    April 8, 1937. — September 17, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Tax,* On income.    *Corporation,* Dividend, Dissolution.

Where the by-laws of a corporation provided for cumulative "dividends" on its preferred stock and required that, upon its dissolution, preferred stockholders should be "paid in full, both the par amount of their shares and the unpaid dividends accrued thereon," and on its dissolution there was no surplus nor accumulated income or profits, so much of a sum paid to a preferred stockholder as represented accumulated "unpaid dividends" was, under G. L. (Ter. Ed.) c. 62, § 1 (g) not taxable as income, since the entire sum paid was from capital.

APPEAL by a taxpayer, filed in the Supreme Judicial Court for the county of Suffolk on January 27, 1937, from a decision by the Board of Tax Appeals.

*A. Brown,* (*H. W. Knowlton* with him,) for the taxpayer.

*J. J. Ronan,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

*R. G. Boyd,* by leave of court, submitted a brief as *amicus curiae.*

QUA, J. St. 1933, c. 307, § 9, provided that income received by any inhabitant of the Commonwealth during certain specified years from dividends on shares of corporations, with certain exceptions not here material, should be taxed at the rate of six per cent, and that the provisions of G. L. c. 62 as amended (except § 1, subsection [b]) should apply to such taxation. G. L. c. 62, § 1 (g), which was thus made applicable, read as follows, "No distribution of capital, whether in liquidation or otherwise, shall be taxable as income under this section; but accumulated profits shall not be regarded as capital under this provision."

Facts found by the Board of Tax Appeals are these: During the year 1933 James W. C. Lewis, of whose estate the appellant is executor, owned preferred stock in Danforth, Clark & Co., a foreign corporation. The by-laws of the corporation provided for cumulative dividends on the preferred stock at the rate of ten per cent and that in the event of any liquidation or dissolution or winding up of the corporation the preferred stockholders should "be entitled to be paid in full, both the par amount of their shares and the unpaid dividends accrued thereon, before any amount shall be paid to the holders of the common stock." In 1932 the stockholders voted to liquidate the assets and to dissolve the corporation, and during the year 1933 the entire assets were distributed among the shareholders. At the time of dissolution a substantial amount of unpaid dividends had accrued on the preferred stock. The amount available for distribution was less than the total par value of the preferred stock plus all the dividend accumulations, so that nothing was left for the common stockholders, but nevertheless it was large enough to pay the par value of the preferred stock and part of the arrears of dividends, so that Lewis received a total of $259,954.03 in cash on account of his preferred stock, which had originally been issued at

par for $202,500. For several years the corporation had lost money and had a deficit which by the time of liquidation had increased to nearly $250,000.

The commissioner assessed against Lewis a tax upon $57,454.03, being the difference between the sum received by Lewis in liquidation and the original par value of his preferred stock, on the theory that such difference represented dividends taxable under the act of 1933. The appellant, on the other hand, contends that the entire sum received by Lewis was a distribution of capital and therefore not taxable because of G. L. c. 62, § 1 (g) hereinbefore quoted.

We are of the opinion that the appellant's contention is sound. The sum received by Lewis in distribution on account of the unpaid cumulative dividends comes within the literal words of G. L. (now G. L. [Ter. Ed.]) c. 62, § 1 (g) and also within the general intent and purpose of that subsection. Subsection (g) is not to be construed as creating a special exemption from a general tax. It was originally enacted in its present form as an integral part of the section which defined taxable income from intangible property. St. 1916, c. 269, § 2. It was designed to make clear that distributions of capital to those entitled thereto should not be deemed income under this section. That principle has been recognized and preserved in all the decisions. *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 534, *et seq. Wilder* v. *Tax Commissioner*, 234 Mass. 470. *Moore* v. *Tax Commissioner*, 237 Mass. 574. *Tilton* v. *Tax Commissioner*, 238 Mass. 596. *Lapham* v. *Tax Commissioner*, 244 Mass. 40. *Lanning* v. *Tax Commissioner*, 247 Mass. 496. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 262 Mass. 1. *Follett* v. *Commissioner of Corporations & Taxation*, 267 Mass. 115. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 273 Mass. 187, 200. *Wellman* v. *Commissioner of Corporations & Taxation*, 289 Mass. 131, 136–137. All of the sums paid in liquidation by Danforth, Clark & Co. to its preferred shareholders were distributions of the paid in capital of that corporation. The corporation had nothing else which it could distribute. It had no surplus and no accumulated income or profits.

It had instead a very large deficit. It is plain that under subsection (g) the question whether or not a distributed fund is capital is to be determined primarily with reference to the status of that fund before distribution and not primarily from the standpoint of the persons receiving it. The cases hereinbefore cited are to that effect.

The facts that in this particular instance Lewis received a sum which exceeded the paid in par value of his preferred shares by the amount of a part of the unpaid dividends and that if those dividends had been paid in due course out of profits they would have been income taxable to Lewis are immaterial. It still remains true that the entire fund distributed was capital. That fund did not cease to be capital because under the by-laws the proportionate shares thereof receivable by distributees were determinable in part with reference to unpaid dividends, nor because the holders of preferred shares received more than they had paid in, at the expense of the holders of common shares. We can discover nothing in the case which nullifies or overcomes the dominant fact that the distribution was wholly a distribution of capital among those who under the corporate organization were entitled to receive capital, and that it was not in any part a distribution of accumulated income.

Abatement is granted of the tax assessed on or about August 1, 1935, in the amount of $3,447.24 and interest. The appellant is to recover the costs before the board and the costs of this appeal.

*So ordered.*