## EDWARD LANNING *vs.* TAX COMMISSIONER.

Suffolk.   November 12, 1923. — February 25, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Tax,* On income: stock dividend. *Corporation,* Dividend. *Constitutional Law,* Taxation, Equal protection of laws.

A stock dividend received by an inhabitant of this Commonwealth in 1916 from a New York corporation and authorized by its vote in 1915 to be issued to its stockholders on January 10, 1916, in an amount equal to the surplus from its earnings accrued prior to March 1, 1913, that amount to be transferred from the " surplus " to the " capital stock " account, was taxable as income under St. 1916, c. 269, § 2.    Following *Tax Commissioner* v. *Putnam,* 227 Mass. 522.

The decision in *Tax Commissioner* v. *Putnam,* 227 Mass. 522, upholding the constitutionality of St. 1916, c. 269, § 20, relating to the assessment of an income tax upon certain stock dividends, was reaffirmed.

COMPLAINT, filed in the Superior Court on April 23, 1918, under St. 1916, c. 269, § 20, for the abatement of an income tax assessed upon the plaintiff in 1917 with respect to income received by him in 1916.

In the Superior Court, the action came on to be heard by *McLaughlin,* J., without a jury, upon an agreed statement of facts.   Material facts are stated in the opinion.   By consent of both parties, the judge reserved and reported the case and the questions of law therein, without making any decision thereon, for determination by this court, such inferences of fact to be drawn by this court from the agreed statement of facts as might be reasonably proper and such order or decree to be entered as this court might order and direct.

*W. D. Turner,* for the complainant.

*C. R. Cabot,* for the respondent.

RUGG, C.J.   This is a complaint under St. 1916, c. 269, § 20, for the abatement of an income tax assessed in 1917, on the value of capital stock issued to the complainant as stockholder by a foreign corporation as a stock dividend

on January 10, 1916. The salient facts are that the complainant, a resident of this Commonwealth, was a stockholder in the Continental Insurance Company, a corporation of the State of New York. Prior to 1916 the corporation had accumulated a large surplus of earnings. In the latter part of the year 1915 the corporation voted to issue to its stockholders on January 10, 1916, a stock dividend in amount equal to the surplus from earnings accrued prior to March 1, 1913, and to transfer that amount from the " surplus " to the " capital stock " account. The tax in question was laid upon the stock dividend thus issued to the complainant. Facts as to the market value of the shares of stock before and after the declaration of this stock dividend and other facts set forth in the record need not be narrated. Shortly stated, the issue raised is whether a stock dividend declared by a corporation out of an accumulated surplus of earnings is taxable as income to the stockholder receiving the same.

The relevant words of St. 1916, c. 269, are in § 2 as follows: " Income of the following classes received by any inhabitant of this Commonwealth during the calendar year prior to the assessment of the tax shall be taxed at the rate of six per cent per annum: . . . (b) Dividends on shares in all corporations . . . organized under the laws of any State . . . other than this Commonwealth. . . . No distribution of capital, whether in liquidation or otherwise, shall be taxable as income under this section; but accumulated profits shall not be regarded as capital under this provision."

The case at bar is not affected by St. 1920, c. 352, whereby stock dividends are exempted from the income tax.

Confessedly this case is indistinguishable in its main features from *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 534, 535, 536. It there was held that a stock dividend was taxable as income under this statute. The only distinction between that case and this is that in the case at bar the stock dividend was voted by the corporation before the year 1916 payable to and received by the complainant in January of the year 1916. That is to say, this dividend was declared and was payable before the enactment of the income tax law on May 26, 1916. That fact in some cases may be

of significance. See *Nutter* v. *Andrews*, 246 Mass. 224. The statute under which the tax was levied in the case at bar by the express terms of §§ 1 and 2 was first to be levied in the year 1917 on all income received by the taxpayer during the preceding calendar year, and was accompanied by suitable exemptions of the property from which the income was derived. See § 11. This distinction does not bring the tax in the case at bar within the inhibition of the principle suggested in 227 Mass. 529.

An earnest and able argument has been made to the effect that *Putnam* v. *Tax Commissioner*, 227 Mass. 522, ought to be overruled out of deference to the decision in *Eisner* v. *Macomber*, 252 U. S. 189, holding that stock dividends are not income under art. 16 of the Amendments to the United States Constitution and the Acts of Congress imposing an income tax and declining to adopt the reasoning or result of *Putnam* v. *Tax Commissioner*, 227 Mass. 522. It is cause for regret that there is diversity of view between this court and the Supreme Court of the United States. Uniformity of thought is not always possible. Even in the Eisner case, four out of nine justices of that court believed that a stock dividend could be taxed as income and elaborate dissenting opinions were filed in support of that conclusion. The decision in the Putnam case was rendered first. It was delivered after full and careful consideration, in which all the justices participated. It has been followed on this precise point in later cases. *Wilder* v. *Tax Commissioner*, 234 Mass. 470. *Tilton* v. *Tax Commissioner*, 238 Mass. 596. See *Lapham* v. *Tax Commissioner*, 244 Mass. 40. Doubtless much money has been paid into the treasury of the Commonwealth on the strength of that decision. It relates to the interpretation of art. 44 of the Amendments to the Constitution of this Commonwealth and of a statute enacted pursuant thereto. It is supported by the reasoning and conclusion of *Swan Brewery Co. Ltd.* v. *The King*, [1914] A. C. 231, by dissenting opinions of four justices in *Eisner* v. *Macomber*, 252 U. S. 189, and by well reasoned opinions of two of the five law lords participating in the decision of *Inland Revenue Commissioners* v. *Blott*, [1921] 2 A. C. 171.

The question has been examined anew and the authorities reviewed again in the light of what has been said on the subject since the Putnam case was decided. No sufficient reason is perceived for overruling that decision. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 176, 196. It would be superfluous to go over the ground again and to attempt further to elucidate the conclusion there reached. It is adopted without more discussion as the basis of this decision.

The Forty-fourth Amendment and the Income Tax Law as thus interpreted do not violate complainant's right to the equal protection of the laws secured to him both by the Constitution of the Commonwealth and by the Fourteenth Amendment to the Constitution of the United States. So far as concerns this Commonwealth, that question is set at rest by the conclusion that a stock dividend is " income " within the meaning of that word in the Forty-fourth Amendment. There is nothing in other parts of our Constitution at variance with that interpretation. All this is settled by *Tax Commissioner* v. *Putnam,* 227 Mass. 522. *Lapham* v. *Tax Commissioner,* 244 Mass. 40, 47.

The argument of invalidity under the Fourteenth Amendment to the United States Constitution has not been strongly pressed. The only cases cited in its support are *Detroit, Grand Haven & Milwaukee Railway* v. *Fuller,* 205 Fed. Rep. 86, and *Louisville & Nashville Railroad* v. *Bosworth,* 209 Fed. Rep. 380, each decided by a district court judge. They do not seem to us pertinent to the issues here raised. We are of opinion that the tax law here in question is not open to successful assault. *Tax Commissioner* v. *Putnam,* 227 Mass. 522. In *Dane* v. *Jackson,* 256 U. S. 589, it was said at pages 598, 599, " The relation of the power of the federal courts to the taxing systems of the States has been the subject of much discussion in the opinions of this court, notably in the following cases." After the citation of numerous decisions the opinion proceeds: " While the nature of the subject does not permit of much finality of general statement, it may plainly be derived from the cases cited that since the system of taxation has not yet been devised which will return

precisely the same measure of benefit to each taxpayer or class of taxpayers, in proportion to payment made, as will be returned to every other individual or class paying a given tax, it is not within either the disposition or power of this court to revise the necessarily complicated taxing systems of the States for the purpose of attempting to produce what might be thought to be a more just distribution of the burdens of taxation than that arrived at by the State legislatures (4 Pet. 517; 15 Wall. 319; 109 U. S. 400; 185 U.S. 371); and that where, as here, conflict with federal power is not involved, a State tax law will be held to conflict with the Fourteenth Amendment only where it proposes, or clearly results in, such flagrant and palpable inequality between the burden imposed and the benefit received, as to amount to the arbitrary taking of property without compensation — ‘ to spoliation under the guise of exerting the power of taxing.’ (134 U. S. 237; 173 U. S. 615; 239 U. S. 220.) For other inequalities of burden or other abuses of the State power of taxation, the only security of the citizen must be found in the structure of our Government itself.”

*Complaint dismissed with costs.*