MARY J. FOLLETT *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Berkshire.   September 18, 1928. — May 27, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Tax,* On income.   *Corporation,* Liquidation.   *Words,* "Accumulated profits."

A New York corporation with stock of a par value of $100 per share liquidated its affairs and paid to a stockholder resident in Massachusetts, partly in cash and partly in stock of another corporation,

$277.50 for each share he owned, $97.50 of which represented each share's proportionate part of a sum, beyond the par value, which the corporation had received from the sale of its land, buildings, fixed machinery and permanent equipment. The property thus sold had been purchased in part by the amount originally paid in for the shares and in part from accumulated profits earned in the conduct of business, some of which profits were earned previous to January 1, 1916. The price at which the land was sold was higher than that at which it was purchased by the company, due to the fact that mineral deposits therein were of greater extent than was known at the date of the original purchase. An income tax was assessed to the Massachusetts stockholder upon $97.50 of the amount he received on each of his shares. At the hearing of a complaint for an abatement of such a tax, no contention was made that the fact that the distribution in liquidation was made partly in cash and partly in shares of stock in another corporation, rather than wholly in cash, had any effect on the question to be decided. *Held,* that the assessment was proper.

The pertinent words of G. L. c. 61, § 1, subsection (b) as amended by St. 1923, c. 487, § 3, and of subsection (g) manifest a purpose to tax whatever dividends received by the taxpayer rightly may be described as flowing from "accumulated profits," so far as within the jurisdiction of the General Court to tax. Per RUGG, C.J.

COMPLAINT, filed in the Superior Court on February 6, 1928, and afterwards amended, for abatement of an income tax.

The respondent demurred. The demurrer was heard by *Burns,* J., who ordered it sustained. The complainant appealed.

*C. H. Wright,* (*W. J. Donovan* with him,) for the complainant.

*R. A. Cutter,* Assistant Attorney General, for the respondent.

RUGG, C.J. This is a complaint under G. L. c. 62, § 47, as amended by St. 1926, c. 287, § 3, to secure abatement of an income tax. The respondent demurred to the complaint as amended. An order was entered sustaining the demurrer. The complainant appealed. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133.

The facts set forth in the complaint must be accepted as true for the purposes of this decision. Thus it appears that in 1925 a New York corporation, in which the complainant was, and for a long time had been, a stockholder, liquidated

its affairs. As a result of this liquidation there was paid to the complainant, partly in cash and partly in the stock of another corporation, the equivalent of $277.50 on each share of stock owned by her. The respondent, after deducting the par value, which was $100 per share, assessed a tax on the remainder as income. Of the total sum paid to the complainant in liquidation on each share of stock, confessedly $80 was a distribution of liquid assets accumulated as profits in addition to capital and was taxable as income. The remaining $197.50 paid to the complainant on each share was cash received by the liquidating corporation prior to the distribution in liquidation, from the sale of its land, buildings, fixed machinery and permanent equipment. The property thus sold was purchased in part by the amount originally paid in for the shares and in part from accumulated profits earned in the conduct of business, some of which profits were earned prior to January 1, 1916. The land sold on liquidation was sold by the company at a higher price than that at which it was purchased by the company, due to the fact that the mineral deposits therein were of greater extent than was known at date of original purchase. The controversy arises respecting the assessment on the $97.50 thus taxed as income, being the total amount received in liquidation on each share, after deducting the par value and the part confessedly taxable as income. That sum represents a gain to the complainant on the original investment.

No contention has been made that the fact that the distribution in liquidation was made partly in cash and partly in shares of stock in another corporation, rather than wholly in cash, has any effect on the question to be decided. *Wilder v. Tax Commissioner*, 234 Mass. 470, 474. *Peabody v. Eisner*, 247 U. S. 347, 350. That factor is laid to one side.

The provisions of the governing statute, G. L. c. 62, § 1, subsection (b), in the amended form appearing in St. 1923, c. 487, § 3, and subsection (g) so far as material to the case at bar, are these: "Income of the classes described in subsections (a), (b), (c) and (e) received by any inhabitant of the commonwealth during the preceding calendar year, shall be taxed at the rate of six per cent per annum. . . . (b) Divi-

dends, other than stock dividends paid in new stock of the company issuing the same, on shares in all corporations . . . organized under the laws of any State or nation other than this Commonwealth, [with exceptions having no bearing on the case at bar] . . . . (g) No distribution of capital, whether in liquidation or otherwise, shall be taxable as income under this section; but accumulated profits shall not be regarded as capital under this provision."

Respecting these words it was decided in *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 262 Mass. 1, at page 4: "As matter of interpretation the words of the statute manifest a purpose to impose the tax upon all income of the classes described, received by inhabitants of the Commonwealth, and to include within its sweep whatever such income is within the legislative jurisdiction. Subsection (b) standing by itself, as mere matter of verbal construction, might be thought to comprehend all kinds of dividends declared by the specified corporations, whether in liquidation or otherwise, excepting only stock dividends in the capital stock of the corporations issuing the same. Subsection (g), however, defines what shall be regarded as capital and thus not rightly taxable as income, and what shall be treated as income and thus properly subject to the tax. This definition states the distinction between capital and income in respect to this kind of taxation. While it does not elucidate 'capital' by any further statement, it does explain the meaning of 'income' by saying expressly that accumulated profits shall not be treated as capital, and by stating impliedly that accumulated profits shall be treated as income taxable accordingly." The pertinent words of the statute manifest a purpose to tax whatever dividends received by the taxpayer rightly may be described as flowing from "accumulated profits," so far as within the jurisdiction of the General Court to tax. See *Kinney* v. *Treasurer & Receiver General*, 207 Mass. 368, 369. *Peabody* v. *Treasurer & Receiver General*, 215 Mass. 129, 130.

It was decided in 262 Mass. 1, *supra*, that accumulated profits of a corporation were taxable as income when distributed by dividend in liquidation. The accumulated prof-

its there under examination appear to have arisen chiefly from gains in the transaction of business touching personal property, although for many years devoted to the same uses to which the capital of the corporation was devoted. Thus these accumulated profits resulted in part from the sale of capital assets. In *Lapham* v. *Tax Commissioner*, 244 Mass. 40, it was held that a dividend by a steamship corporation declared out of large profits realized from the sale of investments of its capital in ships, enough being retained by the corporation to represent its capital stock, was taxable as income under a statute the same in its essentials as the one here involved. It has been held under somewhat similar statutes that profits derived from the sale of capital assets were taxable as income. *Doyle* v. *Mitchell Brothers Co.* 247 U. S. 179, 185. *Eldorado Coal & Mining Co.* v. *Mager*, 255 U. S. 522. See *Posados* v. *Warner, Barnes & Co. Ltd.* 279 U. S. 340, decided on April 22, 1929.

In principle there appears to be no distinction between gains derived from increase in value of the real estate of a corporation and gains derived from the ordinary business of a corporation, when sold for distribution among stockholders as a dividend in liquidation. Such gains become accumulated profits before distribution in liquidation.

As matter of authority the case at bar is governed by *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 534. Certain stock dividends there in question were declared out of an accumulation of earnings "invested in permanent additions to the plants of the corporations involved." It there was urged, as it has been in the case at bar, that, since surplus earnings had become a part of the capital investment, they could not in the nature of things be taxed as income. In support of that argument, reliance was placed on cases arising between life tenant and remainderman, such as *Minot* v. *Paine*, 99 Mass. 101, 111; *D'Ooge* v. *Leeds*, 176 Mass. 558, 560; *Hemenway* v. *Hemenway*, 181 Mass. 406, 410, and similar decisions. The argument was strongly pressed and given serious consideration. But it was held that those decisions were not applicable to the taxation of income under the governing statute, and that such a stock dividend was not a "distribu-

tion of capital" but was declared out of "accumulated profits" and hence was taxable as income to the recipient of the dividend. Subsequent to that decision it was enacted by St. 1920, c. 352, now embodied in G. L. c. 62, § 1, subsections (b) and (c), that stock dividends of new stock in the corporation issuing the same should not be subject to the income tax. But that statute has no bearing upon the interpretation given in the Putnam case to the words "distribution of capital" and "accumulated profits" in their application to the declaration of dividends out of gains derived from increases in value of capital investments of the corporation. That statute did not affect the reasoning upon which that decision rests. It simply exempted from taxation a kind of dividend not theretofore exempted, and it has no relevancy to the case at bar where there is no stock dividend of the corporation issuing the same, but a dividend only of cash and of shares of stock in a different corporation. What was there decided is equally applicable to the case at bar. No classification is made in the statute as to the sources of accumulated profits subject to taxation when declared as dividends in liquidation; all such profits are indiscriminately and unqualifiedly made subject to taxation.

The point here raised was again before the court in *Tilton* v. *Tax Commissioner*, 238 Mass. 596. An income tax was there assessed on the receipt of a stock dividend declared in part out of accumulated profits of its business and in part out of appreciation in inventory value of land and buildings owned by the corporation, against which the original stock was in part issued, no part of earnings or profits having been invested therein. It was held that the income tax on that kind of a dividend derived from such sources was valid on the authority of *Tax Commissioner* v. *Putnam*, 227 Mass. 522. The general subject was reviewed and reconsidered in *Lanning* v. *Tax Commissioner*, 247 Mass. 496. Again, among other arguments put forward, as appears from reference to the original briefs, was one based upon the rule as to distribution of capital and income between life tenant and remainderman established by *Minot* v. *Paine*, 99 Mass. 101, 111, and the numerous cases following it, but upon mature

deliberation principles established by *Tax Commissioner* v. *Putnam*, 227 Mass. 522, were reaffirmed. Finally, after a full review of earlier cases, the principle was again followed in *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 262 Mass. 1, and applied to facts slightly different but not distinguishable in their fundamental aspects from those here presented.

Reliance has been placed at the bar, as in arguments in earlier cases, upon the reference in *Moore* v. *Tax Commissioner*, 237 Mass. 574, to the rule as to capital and income as between life tenant and remainderman established in *Minot* v. *Paine*, 99 Mass. 101, and the cases following it. The result of the decision in the Moore case was right. The reference to those decisions was unnecessary to the conclusion there reached. Those decisions were considered and rejected because without controlling significance in respect to the income tax in *Tax Commissioner* v. *Putnam*, 227 Mass., at page 534, as they have been in subsequent decisions. It is vain further to refer to the Moore case as deciding anything contrary to the general current of authority touching the interpretation or application of the income tax statute. It was not so intended. It has not that effect.

Of course no shadow is hereby cast upon the binding authority in their appropriate sphere of the long line of decisions from *Minot* v. *Paine*, 99 Mass. 101, to *Old Colony Trust Co.* v. *Shaw*, 261 Mass. 158, 168, wherein are declared principles governing the allocation of capital and income out of dividends as between life tenant and remainderman. They simply are not of controlling significance in applying the income tax statutes.

The complainant has argued that the income tax law as thus interpreted violates the Constitutions of both this Commonwealth and the United States, in that it operates to deprive persons of their property without due process of law. These questions are foreclosed by *Tax Commissioner* v. *Putnam*, 227 Mass. 522; *Lanning* v. *Tax Commissioner*, 247 Mass. 496; *Dane* v. *Jackson*, 256 U. S. 589, and *Stebbins* v. *Riley*, 268 U. S. 137, and do not require further discussion. Various illustrations of possible injustice have been suggested

in argument.    There is no occasion to consider these.    It is only necessary to decide each case as it arises.

It follows that the tax here assailed was valid.

*Order sustaining demurrer affirmed.*