.VIRGIL C. BRINK & another, trustees, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.    March 2, 1937. — February 1, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, & QUA, JJ.

*Tax,* On income. *Trust,* Taxation. *Constitutional Law,* Taxation. *Words,* "Dividends."

The provisions of St. 1933, c. 307, § 9, approved on July 1, 1933, were not rendered invalid by the circumstance that they applied to all income of the classes therein described received during the year 1933.

An income tax was required by St. 1933, c. 307, § 9, and by G. L. (Ter. Ed.) c. 62, § 10, to be imposed upon a stock dividend received in 1933 by the trustee of a private trust where both the trustee and the beneficiary of the income were then inhabitants of this Commonwealth; and such taxation was constitutional.

APPEAL, filed in the Supreme Judicial Court for the county of Suffolk on January 7, 1937, by trustees under a deed of George M. Thompson for the benefit of Barton J. Thompson, from a decision by the Board of Tax Appeals denying an abatement of an income tax.

*D. Burstein,* for the taxpayers.

*J. J. Ronan,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

RUGG, C.J.    This is an appeal under G. L. (Ter. Ed.) c. 58A, § 13, as amended by St. 1935, c. 218, § 1, by the

appellants as trustees under a deed of trust dated December 3, 1931, from an adverse decision by the Board of Tax Appeals upon a petition by the appellants for abatement of an income tax assessed upon them under the authority of G. L. (Ter. Ed.) c. 62; St. 1933, c. 307, § 9, and St. 1936, c. 82. The trust was created by an inhabitant of this Commonwealth, and the trustees and appellants also were such inhabitants. The deed of trust was a private trust settlement for the benefit of a single individual with remainders over, and was in no sense a commercial venture. The object of the petition is to secure an abatement of an income tax assessed upon income received by the appellants during 1933. By the terms of the deed of trust all the income was payable to an inhabitant of Milton in this Commonwealth as beneficiary. There is no contention that the assets held under the trust deed are not located here. Abatement was refused. The decision of the Board of Tax Appeals was in favor of the appellee. The appeal of the taxpayers brings the case here.

The salient facts are these: The appellants, as trustees under the deed of trust, in 1933 owned one thousand five hundred and eighty-two shares of stock in a Massachusetts corporation. On November 29, 1933, that corporation declared a dividend of two hundred per cent on its stock, payable on December 1, 1933, in new stock of the corporation, at the rate of two shares for each share outstanding. On December 2, 1933, the appellants received three thousand one hundred and sixty-four shares of such stock as a dividend, the value of which the appellee determined to be $100 for each share. No question has been raised as to the correctness of this determination. The tax was assessed by the appellee in accordance with that valuation upon the shares thus received. One half the tax was paid on March 1, 1934, and the balance on October 1, 1934.

The first question is whether under statutes in force governing the income tax for 1933 such stock dividends were taxable. Primarily this involves construction of the pertinent statutes. It was provided by G. L. (Ter. Ed.) c. 62, § 1: "Income of the classes described in subsections (a), (b), (c)

and (e) received by any inhabitant of the commonwealth during the preceding calendar year, shall be taxed at the rate of six per cent per annum. . . . (b) Dividends, other than stock dividends paid in new stock of the company issuing the same, on shares in all corporations and joint stock companies organized under the laws of any state or nation other than this commonwealth . . . ."

It was provided by St. 1933, c. 307, § 9: "Income received by any inhabitant of the commonwealth during the years nineteen hundred and thirty-three, nineteen hundred and thirty-four and nineteen hundred and thirty-five from dividends on shares in all corporations, joint stock companies and banking associations, organized under the laws of this commonwealth or under the laws of any state or nation . . . [with exceptions not here material] shall be taxed at the rate of six per cent per annum. . Except as otherwise provided in this section, the provisions of chapter sixty-two of the General Laws, as amended, shall apply to the taxation of income received by any such inhabitant during said years. Subsection (b) of section one of said chapter sixty-two shall not apply to income received during said years." That statute was approved with an emergency preamble on July 1, 1933, and became operative on that date. The body of said c. 307 shows that it was an emergency revenue measure designed to levy an income tax on stock dividends. Its purpose was to secure a large amount of revenue for unusual expenditures thereby authorized. Its words are to be interpreted to facilitate the raising of revenue. The General Court had the right to select the subjects of taxation and to extend its classification to embrace other and different subjects of taxation. The circumstance that the statute applied to all income received during the year 1933 does not render the statute invalid. *Brushaber* v. *Union Pacific Railroad*, 240 U. S. 1. *Lynch* v. *Hornby*, 247 U. S. 339. *United States* v. *Hudson*, 299 U. S. 498.

It is settled that the word "dividends" standing alone in St. 1916, c. 269, § 2 (b), mposed a tax upon stock dividends in the absence of express proof that the purpose of the dividend was a distribution, not of earnings and profits, but of

capital. *Tax Commissioner* v. *Putnam,* 227 Mass. 522, 534, 536. *Lanning* v. *Tax Commissioner,* 247 Mass. 496. *Wilder* v. *Tax Commissioner,* 234 Mass. 470, 474. *Follett* v. *Commissioner of Corporations & Taxation,* 267 Mass. 115, 118. G. L. c. 62, § 1 (g). By St. 1920, c. 352 (now G. L. [Ter. Ed.] c. 62, § 1 (b) ), it was provided that no income tax should be imposed upon stock dividends, but that such dividends should be exempt from such tax. *Follett* v. *Commissioner of Corporations & Taxation,* 267 Mass. 115, 120. *Crocker* v. *Commissioner of Corporations & Taxation,* 280 Mass. 238, 242. The words of that exemption were that the income tax should be imposed on all "Dividends, other than stock dividends paid in new stock of the company issuing the same." The effect of that statute was to impose a restriction upon the class of dividends taxable and to provide an exemption for a kind of dividend theretofore taxable. That statute remained in effect until St. 1933, c. 307, § 9, was enacted. By that section the General Court omitted for the specified years 1933, 1934 and 1935 the words "other than stock dividends paid in new stock of the company issuing the same" or their equivalent, in describing the dividends subject to taxation. The result is that thereby the exemption of that kind of dividend from taxation was abolished. Said § 9 for the specified years expressly required the imposition of an income tax upon dividends received from all corporations, with exceptions not here material. It eliminated the exemption of stock dividends contained in St. 1920, c. 352, and restored the law in this respect as it was in St. 1916, c. 269, § 2 (b). The last cited statute was construed to authorize the imposition of an income tax on stock dividends. The instant statute should receive a similar construction. It must be assumed that the same construction was known and intended by the General Court as was decided by this court in interpreting St. 1916, c. 269, § 2 (b). *Tobey* v. *Kip,* 214 Mass. 477, 479. *Marconi Wireless Telegraph Co.* v. *Commonwealth,* 218 Mass. 558, 563. *Whiting* v. *Holyoke Board of Public Works,* 222 Mass. 22, 24. *Wilson* v. *Grace,* 273 Mass. 146, 154. This conclusion is strongly supported by the fact that St. 1935, c. 489, § 1,

amending St. 1933, c. 307, § 9, provided for the exemption from income taxation during 1936 of "stock dividends paid in new stock of the company issuing the same." The inference from this provision is a legislative interpretation of said § 9 as subjecting such stock dividends to taxation during the years 1933, 1934 and 1935. There is nothing in St. 1933, c. 307, § 10, which preserves the exemption of stock dividends from taxation. The result is that, as matter of construction, the governing statute imposes an income tax on stock dividends. In view of this construction, it becomes unnecessary to discuss the contention of the appellants that the retroactive features of St. 1936, c. 82, render it unconstitutional. The validity of the tax here assailed does not, in our opinion, depend upon those or any other features of said c. 82.

The stock dividend received by the appellants on December 2, 1933, was taxable to them as income. It falls within the sweep of G. L. (Ter. Ed.) c. 62, § 10. That section provides, so far as here material, as was said in *Harrison* v. *Commissioner of Corporations & Taxation,* 272 Mass. 422, at page 425 respecting its provisions before being amended into its present form by St. 1931, c. 450, § 1, which made changes not here material: "'The income received by estates held in trust by trustees, any one of whom is an inhabitant of the commonwealth . . . shall be subject to the taxes assessed by this chapter to the extent that the persons to whom the income from the trust is payable, or for whose benefit it is accumulated, are inhabitants of the commonwealth. Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests shall be taxed as if accumulated for the benefit of inhabitants of the commonwealth.'" It was said in the same case at page 426: "Examination of the history of the parts of § 10 does not disclose any legislative purpose to make exceptions to its general phraseology. That section indicates an intention on the part of the General Court to tax all the income there described which is within its power to tax. It is as broad as the jurisdiction of the Commonwealth. *Kinney* v. *Treasurer & Receiver General,*

207 Mass. 368, 369. *Peabody* v. *Treasurer & Receiver General*, 215 Mass. 129, 130. *Follett* v. *Commissioner of Corporations & Taxation*, 267 Mass. 115, 118." The appellants as trustees under the deed of trust were subject to the tax. The trustees and the beneficiary were inhabitants of the Commonwealth on the crucial dates. *First National Bank of Boston* v. *Commissioner of Corporations & Taxation*, 274 Mass. 583, 588. *First National Bank of Boston* v. *Commissioner of Corporations & Taxation*, 279 Mass. 168, 175. *Kennedy* v. *Commissioner of Corporations & Taxation*, 256 Mass. 426. *Maguire* v. *Trefry*, 253 U. S. 12. While in some respects St. 1933, c. 307, was an independent enactment, it was in other aspects a statute amendatory to G. L. (Ter. Ed.) c. 62. It is comprised within the phrase of § 9 referring to that chapter "as amended." *Wilson* v. *Head*, 184 Mass. 515, 517. *State* v. *LeBlond*, 108 Ohio St. 41, 50.

Under the Constitution and laws of this Commonwealth stock dividends may be taxed as income. Such a scheme of taxation violates no constitutional right of the taxpayer. *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 534, 536. *Wilder* v. *Tax Commissioner*, 234 Mass. 470. *Tilton* v. *Tax Commissioner*, 238 Mass. 596, 598. *Lapham* v. *Tax Commissioner*, 244 Mass. 40. *Lanning* v. *Tax Commissioner*, 247 Mass. 496. The rule is different under decisions of the Supreme Court of the United States. The Constitution of the United States in this respect does not impose a limitation upon the taxing power of this Commonwealth. This taxing power is reserved to the several States as an attribute of sovereign power, and no Federal question is involved. In this particular decisions of this court are final as to the construction of the statutes of this Commonwealth. *Eisner* v. *Macomber*, 252 U. S. 189. *Dane* v. *Jackson*, 256 U. S. 589. *Stebbins* v. *Riley*, 268 U. S. 137. *Posados* v. *Warner, Barnes & Co. Ltd.* 279 U. S. 340, 346. Therefore, the decision of *Eisner* v. *Macomber*, 252 U. S. 189, is not binding upon this court, but the decisions of *Tax Commissioner* v. *Putnam*, 227 Mass. 522, and *Lanning* v. *Tax Commissioner*, 247 Mass. 496, must be accepted as final.

The decision of *Hoeper* v. *Tax Commission of Wisconsin*, 284 U. S. 206, is not relevant to the facts of the case at bar because it rests upon discrimination with reference to the taxpayer. The appellants do not show themselves entitled to any abatement.

*Petition dismissed.*