UNITED STATES TRUST COMPANY & others, executors, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

CHARLOTTE H. BRETT *vs.* SAME.

JOHN A. HIGH *vs.* SAME.

Suffolk. May 12, 1937. — February 1, 1938.

Present: RUGG, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Tax*, On income. *Statute*, Construction, Validity. *Constitutional Law*, Due process of law, Taxation. *Sale*, What constitutes. *Words*, "Income," "Year."

Upon a distribution in January, 1933, of all the assets of a corporation among its stockholders in dissolution, St. 1933, c. 307, § 9, effective July 1, 1933, and G. L. (Ter. Ed.) c. 62, § 1 (g), required that so much of the amount each stockholder received as was a share of accumulated profits of the corporation be taxed as income.

The provisions of St. 1933, c. 307, § 9, which became effective on July 1, 1933, so construed as to require the imposition of a tax on all of certain kinds of income received during the whole of that year, were not in violation of the due process clause of the Fourteenth Amendment to the Federal Constitution.

A delivery of his shares by a stockholder to the corporation pursuant to a vote of the stockholders that the corporation, no longer engaged in business, be dissolved and its charter and franchise surrendered and that its assets be distributed to the stockholders "as and in full payment and in exchange for" their stock, which should be cancelled, was not a sale of his shares requiring the imposition of a tax under G. L. (Ter. Ed.) c. 62, § 5 (c), on gains thereby resulting instead of a tax under St. 1933, c. 307, § 9, G. L. (Ter. Ed.) c. 62, § 1 (g), on so much of the sum received by the stockholder as was distribution of accumulated profits.

A trust company with a usual place of business in, and two individuals who were inhabitants of, the Commonwealth, in their capacity as executors of the will of one who at his death was also such an inhabitant, were taxable as inhabitants under St. 1933, c. 307, § 9.

Upon dissolution of a corporation and distribution of its assets among the stockholders, the executor of a deceased stockholder was taxable

under St. 1933, c. 307, § 9, G. L. (Ter. Ed.) c. 62, § 1 (g), upon so much of the sum received by him as was in excess of the par value of his decedent's stock, not merely so much as was in excess of a value previously placed upon the stock for inheritance tax purposes.

APPEALS, filed in the Supreme Judicial Court for the county of Suffolk on March 22, 1937.

*I. Gorovitz & S. Gottlieb, (W. Hartstone* with them,) for the taxpayers.

*J. J. Ronan,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

RUGG, C.J. These are three appeals under G. L. (Ter. Ed.) c. 58A, § 13, from the refusal of the Board of Tax Appeals to grant an abatement of taxes assessed by the appellee on income received by the appellants in each case during the year 1933. Each of the two individual appellants was a resident of this Commonwealth and the owner of one hundred shares of common stock in the Home Electric Light and Power Equipment Company, a corporation organized under the laws of this Commonwealth in 1916, acquired by each of them by gift in 1931. The individual appellants and the corporate appellant were, during 1933, the duly appointed executors under the will of Fred S. High, who died in December, 1931, while an inhabitant of this Commonwealth, and in their capacity as such executors were the owners of the remainder of the common stock, comprising eight hundred shares. These shares were acquired by their testator prior to his death and came to the executors as a part of the capital of his estate. An inheritance tax had been paid by the executors on this stock on a valuation of $400 for each share, the determination of value made by the appellee and accepted by the executors. The Home Electric Light and Power Equipment Company in 1932 passed appropriate votes by its directors and stockholders, which, after reciting that the corporation was no longer engaged in active business and that all its indebtedness had been fully discharged and satisfied, resolved that the "corporation be dissolved, its charter and franchise surrendered," and "that the dissolution of the corporation be effected by a distribution of the funds, secu-

rities, cash on hand, property and assets of the Company, of every kind and nature, in whole, in kind, as capital, among the stockholders, pro-rata, as and in full payment and in exchange for the outstanding stock of the Company, and the cancellation and retirement of the said entire capital stock." Pursuant to these votes the entire assets of the last named corporation were distributed in kind to its various stockholders on January 31, 1933. The total amount of cash and securities so distributed was $418,280. The distribution of the accumulated profits of the corporation amounted to $318,280, or $318.28 on each share. After deducting from the total sums received by each appellant, an amount equal to the capital so distributed, which was exempt from taxation, a tax at the rate of six per cent was assessed on the balance as a taxable dividend. Each tax was paid without interest. In each case an application for abatement was filed and an appeal to the Board of Tax Appeals was taken from a decision by the appellee refusing to abate the taxes. That board denied the claims of the appellants for abatement. The cases come here by appeals by the appellants.

The relevant statutes are these: St. 1933, c. 307, had an emergency preamble; it was approved July 1; it was provided in § 9: "Income received by any inhabitant of the commonwealth during the years nineteen hundred and thirty-three, nineteen hundred and thirty-four and nineteen hundred and thirty-five from dividends on shares in all corporations, . . . organized under the laws of this commonwealth or under the laws of any state or nation . . . [with exceptions not here material] shall be taxed at the rate of six per cent per annum. Except as otherwise provided in this section, the provisions of chapter sixty-two of the General Laws, as amended, shall apply to the taxation of income received by any such inhabitant during said years. Subsection (b) of section one of said chapter sixty-two shall not apply to income received during said years." It was provided in G. L. (Ter. Ed.) c. 62, § 1 (g): "No distribution of capital, whether in liquidation or otherwise, shall be taxable as income under this section; but accumu-

lated profits shall not be regarded as capital under this provision." It was provided in G. L. (Ter. Ed.) c. 62, § 5 (c): "The excess of the gains over the losses received by the taxpayer from purchases or sales of intangible personal property, whether or not said taxpayer is engaged in the business of dealing in such property, shall be taxed at the rate of three per cent per annum. . . ."

The appellants contend that St. 1933, c. 307, § 9, which took effect on July 1, 1933, does not subject to taxation the income derived from the corporation here in question, which was distributed on January 31, 1933. They urge that this statute can reach only dividends received after its effective date. It is a general principle that taxing statutes are to be construed strictly. If the power to tax is not conferred by plain words, it is not to be extended by implication. *Hill* v. *Treasurer & Receiver General,* 229 Mass. 474, 475. *Sayles* v. *Commissioner of Corporations & Taxation,* 286 Mass. 102, 104. In general, a taxing statute cannot be given a retroactive effect in the absence of explicit language to that end. *Magee* v. *Commissioner of Corporations & Taxation,* 256 Mass. 512, 517. The words of said § 9 here involved are plain. They include all dividends received in 1933, whether before or after the effective date of the statute. The words are: "Income received . . . during the years nineteen hundred and thirty-three . . . shall be taxed . . . ." No income material to the questions here raised is excepted. The words of a statute must be "construed according to the common and approved usage of the language." G. L. (Ter. Ed.) c. 4, § 6, Third. *Boston & Maine Railroad* v. *Billerica,* 262 Mass. 439, 444. The usual meaning of the word "income" in the statutes relating to taxation is "the true increase in amount of wealth which comes to a person during a stated period of time." *Bingham* v. *Commissioner of Corporations & Taxation,* 249 Mass. 79, 80. *Tax Commissioner* v. *Putnam,* 227 Mass. 522, 526. The period of time designated in the present statute as applied to the facts was the year 1933. The word "year" in a statute ordinarily signifies a calendar year. G. L. (Ter. Ed.) c. 4, § 7, Nineteenth. It is to be

so construed unless a contrary purpose is clearly shown. *J. L. Hammett Co.* v. *Alfred Peats Co.* 217 Mass. 520, 521. It follows that the plain meaning of the words of St. 1933, c. 307, § 9, embraced the distribution made in way of dividends by the corporation on January 31, 1933. There is nothing in conflict with this conclusion in the terms of St. 1933, c. 357.

The statute thus construed does not violate the due process clause of the Fourteenth Amendment to the Constitution of the United States. Touching this subject, it was said in *United States* v. *Hudson*, 299 U. S. 498, at page 500, with ample citation of supporting authorities (which need not be repeated): "As respects income tax statutes it long has been the practice of Congress to make them retroactive for relatively short periods so as to include profits from transactions consummated while the statute was in process of enactment, or within so much of the calendar year as preceded the enactment; and repeated decisions of this Court have recognized this practice and sustained it as consistent with the due process of law clause of the Constitution."

The income tax under the statutes of this Commonwealth is not an excise but a property tax. *Kennedy* v. *Commissioner of Corporations & Taxation*, 256 Mass. 426, 428. *Bryant* v. *Commissioner of Corporations & Taxation*, 291 Mass. 498, 500.

The case at bar on this point is covered by *Lanning* v. *Tax Commissioner*, 247 Mass. 496. In that case a dividend was voted by the corporation before 1916 and was payable, and received by the taxpayer, in January of 1916. The taxing statute was enacted on May 26, 1916. It was held to include all income received for the calendar year 1916. It was adjudged that the tax was valid.

The appellants contend that the transaction of surrendering their stock to the corporation upon the distribution to them of their proportionate share of the assets thereof constituted a sale of the stock to the corporation, the gain resulting from which was taxable at three per cent under G. L. (Ter. Ed.) c. 62, § 5 (c), and not the payment of a dividend taxable at six per cent under St. 1933,

c. 307, § 9. The facts as shown by the votes of the directors and stockholders are that the corporation was no longer actively engaged in business and had no indebtedness. In these circumstances, votes that the corporation be dissolved, its charter surrendered, its assets distributed in kind in payment of the outstanding stock, and the retirement and cancellation of such stock, are treated as the payment of dividends in liquidation. They are not sales of stock to the corporation. The certificates of stock ceased to be live obligations. The transaction was in substance and effect essentially a distribution of accumulated profits among the stockholders. The true nature of the transaction cannot be changed by phrasing the votes in the language of a sale. The taxing statute cannot be circumvented in that way. Similar distributions in this Commonwealth have been treated as dividends and not as sales of stock to the corporation. Therefore, they have been taxed as income received from dividends. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 262 Mass. 1, 5. *Moore* v. *Tax Commissioner*, 237 Mass. 574. *Follett* v. *Commissioner of Corporations & Taxation*, 267 Mass. 115. *Wellman* v. *Commissioner of Corporations & Taxation*, 289 Mass. 131. As was said in *Commissioner of Corporations & Taxation* v. *Hornblower*, 278 Mass. 557, 563: "The transaction in its entirety was in substance and effect the declaration of a dividend in liquidation and not a sale of the stock." The appellants received dividends of accumulated profits. The General Court, acting within its powers, has stamped such a dividend as income and has made it taxable as income.

Those of the appellants who are executors contend that they are not "inhabitants of the commonwealth" within the meaning of those words in St. 1933, c. 307, § 9. That section provides expressly that income "received by any inhabitant of the commonwealth" during the specified years, from dividends on shares in corporations, shall be taxed. The individual appellants were inhabitants of the Commonwealth, and the corporate appellant had its usual place of business at Boston. Nothing in the record indicates that

the income received by the executors was not entirely for the benefit of inhabitants of this Commonwealth. These three were executors of a deceased resident of the Commonwealth. These words are used as descriptive of the income made subject to the tax. See G. L. (Ter. Ed.) c. 62, § 25. This position of the executors cannot be sustained. It has been so decided in *Brink* v. *Commissioner of Corporations & Taxation, ante,* 280. It is not necessary to consider St. 1936, c. 82, because the taxes here assailed do not depend upon its support.

A further contention of the executors as appellants is that, if the dividends received by them are taxable at all, they are taxable only to the extent of the excess of the distribution over the value placed upon the shares in the estate for inheritance tax purposes. That is to say, the contention is that they can be taxed only upon $18.28, which is the excess of the dividend in liquidation over the value of each share for inheritance tax purposes. This contention is without foundation. The inheritance tax is an excise based on the privilege of succeeding to the property of the decedent. *Minot.* v. *Treasurer & Receiver General,* 207 Mass. 588. *Attorney General* v. *Stone,* 209 Mass. 186. It is not a tax on the property, although the value of the property is a measure of the excise. The income here in issue was not and could not in the nature of things have been the subject of a succession tax. The present tax was a property tax assessed upon a substantial income actually received during 1933. *Hart* v. *Tax Commissioner,* 240 Mass. 37. *Kennedy* v. *Commissioner of Corporations & Taxation,* 256 Mass. 426, 428. The appellants by this contention attempt to claim a deduction from an income tax of the amount paid for a succession tax. They refer to no applicable statute permitting any such deduction or exemption. Exceptions cannot readily be read into a statute enacted, as this was, as an emergency measure to collect revenue from all dividends within legislative jurisdiction. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation,* 273 Mass. 187, 194. *Follett* v. *Commissioner of Corporations & Taxation,* 267 Mass. 115, 118. *Boston Safe Deposit & Trust Co.* v.

*Commissioner of Corporations & Taxation*, 273 Mass. 208, 211. This is not an instance of double taxation. *A. J. Tower Co.* v. *Commonwealth*, 223 Mass. 371, 374, 375. It is settled in this Commonwealth that under G. L. (Ter. Ed.) c. 62, § 1 (g), the sum taxable is the excess of the amount distributed as dividends over the par value of the stock. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 262 Mass. 1. *Wellman* v. *Commissioner of Corporations & Taxation*, 289 Mass. 131, 137. The appellants fail to show themselves entitled to any abatement. *Brink* v. *Commissioner of Corporations & Taxation*, *ante*, 280.

In each case the entry may be

*Petition dismissed.*