COMMISSIONER OF CORPORATIONS AND TAXATION *vs.*
ELIZABETH L. DALTON.

Suffolk.   December 6, 1938. — October 25, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Tax*, On income.   *Husband and Wife.*

Payments to a wife, resident in this Commonwealth, by a trustee, a nonresident, under a separation agreement made between the wife, the trustee, and the husband to provide for her support through income from securities placed by the husband with the trustee, were not taxable to the wife as income under G. L. (Ter. Ed.) c. 62, §§ 1, 11.

APPEAL by the commissioner of corporations and taxation, filed in the Supreme Judicial Court for the county of Suffolk, on September 24, 1938.

*J. B. Sullivan*, Assistant Attorney General, for the commissioner of corporations and taxation.

*H. G. Crockett, Jr.*, for the taxpayer.

RONAN, J. This is an appeal under G. L. (Ter. Ed.) c. 58A, § 13, by the commissioner of corporations and taxation from a decision of the Appellate Tax Board granting an abatement upon payments received by the appellee in 1934 and 1935, in accordance with a separation agreement made in 1928, in North Carolina, between herself, her husband and a trustee, all of whom were then domiciled in that State. The husband transferred real estate and shares of stock to the trustee for the purpose of paying $150 a month to his wife for her support and maintenance during her life or until she should again marry, and an additional sum for the support of their children while they were living with their mother. The payments made to her by the trustee during the two years in question exceeded the rate fixed by the agreement as some of the payments included arrears for previous years when the income was insufficient to pay the prescribed amounts. The parties make no contention that this agreement was not valid under the law of North Carolina. The appellant taxed all payments received by the wife from the trustee, except those that consisted of rentals from the trust realty. The wife was a resident of this Commonwealth at the time of the receipts of these payments and has been ever since. The question to be decided is whether these payments constituted income taxable under G. L. (Ter. Ed.) c. 62.

Our statutes taxing income were enacted in pursuance of the power granted to the General Court by the Forty-fourth Amendment to our Constitution to impose and levy a tax on income, which may be at different rates upon income derived from different classes of property but which shall be levied at a uniform rate throughout the Commonwealth upon incomes derived from the same class of property. The legislation has been as broad as the Amendment, and it has been frequently observed by the court that the various taxing statutes manifest an intent to reach whatever income it is within the jurisdiction of the Commonwealth to tax. *Follett* v. *Commissioner of Corporations & Taxation,* 267 Mass. 115. *Harrison* v. *Commissioner of Corporations & Taxation,* 272 Mass. 422. *Brink* v. *Commissioner of Cor-*

*porations & Taxation,* 299 Mass. 280. While these statutes do not specifically define income for purposes of the tax, yet, in view of the language employed and the aim sought to be accomplished, this court has, whenever urged, refused to limit the ordinary and natural significance of the term. *Tax Commissioner v. Putnam,* 227 Mass. 522. *Bingham v. Commissioner of Corporations & Taxation,* 249 Mass. 79. *United States Trust Co. v. Commissioner of Corporations & Taxation,* 299 Mass. 296.

The appellant contends that the taxpayer has an equitable interest in a trust; that the income which she has received from the trustee was interest and dividends within the description of taxable property under G. L. (Ter. Ed.) c. 62, § 1, and that, as the trustee was a nonresident, the tax was properly assessed in accordance with G. L. (Ter. Ed.) c. 62, § 11. The appellee contends that such payments were not received by her as the beneficiary of a trust but were made for her separate support and maintenance in the nature of alimony, and as such were not taxable income.

G. L. (Ter. Ed.) c. 62, § 11, so far as material, provides: "Any inhabitant of the commonwealth who receives income from one or more trustees or other fiduciaries who are not subject to taxation under this chapter, shall be subject to the taxes imposed by this chapter upon such income according to the nature of the income received by such trustees or other fiduciaries . . . ." The incidence of the tax is upon the receipt of income by the resident beneficiary. There is no present tendency to exempt income received by a resident beneficiary from a foreign fiduciary if the property received is itself of a taxable nature. *Longyear v. Commissioner of Corporations & Taxation,* 265 Mass. 585. *Tirrell v. Commissioner of Corporations & Taxation,* 287 Mass. 464. *Cohn v. Graves,* 300 U. S. 308. *Guaranty Trust Co. v. Virginia,* 305 U. S. 19.

It is urged that the payments were in the nature of alimony and are not subject to an assessment. Our statutes, however, do not in terms exempt such payments from the imposition of the tax. The general principle that taxing enactments must be strictly construed against the taxing power

and that the right to tax, if not expressly conferred, cannot be implied, is not applicable. *Bingham* v. *Commissioner of Corporations & Taxation*, 249 Mass. 79. *Cabot* v. *Commissioner of Corporations & Taxation*, 267 Mass. 338. *DeBlois* v. *Commissioner of Corporations & Taxation*, 276 Mass. 437. Statutes are to be reasonably construed and their scope, even when couched in broad language, is not to be extended "by enlargement of signification to comprehend matters not within the principle and purview on which they were founded when originally framed and their words chosen. General expressions may be restrained by relevant circumstances showing a legislative intent that they be narrowed and used in a particular sense." *Commonwealth* v. *Welosky*, 276 Mass. 398, 401, 402. *Commonwealth* v. *Slack*, 19 Pick. 304. *Commonwealth* v. *Gardner*, 300 Mass. 372. *Frye* v. *School Committee of Leicester*, 300 Mass. 537. *Commissioner of Corporations & Taxation* v. *Bristol County Kennel Club, Inc.* 301 Mass. 27. A matter may be within the letter of a statute and not come within its spirit, if the matter is beyond the mischief intended to be reached or if to include it would require a radical change in established public policy or in the existing law and the act does not manifest any intent that such a change should be effected. *Somerset* v. *Dighton*, 12 Mass. 383. *Bradford* v. *French*, 110 Mass. 365. *Conklin* v. *John Howard Industrial Home*, 224 Mass. 222. *Zoulalian* v. *New England Sanatorium & Benevolent Association*, 230 Mass. 102. *Commonwealth* v. *Welosky*, 276 Mass. 398.

In determining whether property received by a citizen constitutes taxable income, judicial inquiry is not limited by the forms or methods employed but looks beyond to ascertain the real substantial nature of the transaction that resulted in the transfer of the property. *Commissioner of Corporations & Taxation* v. *Hornblower*, 278 Mass. 557, 560. *Commissioner of Corporations & Taxation* v. *Simmon*, 292 Mass. 507. *United States Trust Co.* v. *Commissioner of Corporations & Taxation*, 299 Mass. 296. *Corliss* v. *Bowers*, 281 U. S. 376. *Burnet* v. *Wells*, 289 U. S. 670.

The parties entered into a voluntary agreement which was registered in the office of the clerk of the county court.

The payments were not alimony because they were not made in accordance with any judgment or decree of any court. *Holbrook* v. *Comstock*, 16 Gray, 109. *Brown* v. *Brown*, 222 Mass. 415. *Topor* v. *Topor*, 287 Mass. 473. The board found that such payments were in the nature of alimony and were in substance and effect an allowance to the wife for her support and maintenance. That would imply a further finding that the amounts given were reasonably necessary for the purposes for which they were paid. We do not know the value of the trust property, the financial worth of the husband, the necessities of the wife, their modes of living, their stations in life, or other material circumstances in determining whether the amounts were fairly commensurate with the expenses that one in the position of the wife might reasonably be expected to incur. The parties had been married for more than ten years before the separation agreement was executed, and they must be presumed to have been dealing honestly and fairly with each other, with a full knowledge of the resources and needs of each, in fixing the amount the wife was to receive monthly for her support. There is nothing in the record to indicate that either has attempted to change this amount or that both are not satisfied with the agreed rate. There was no error of law in finding that the payments received by the wife were in the nature of alimony. That finding must stand. *Springfield Young Men's Christian Association* v. *Assessors of Springfield*, 284 Mass. 1. *Revere* v. *Revere Construction Co.* 285 Mass. 243.

Our statutes relating to the ascertainment of taxable income of a husband do not permit a deduction from his income of an amount of money that he has paid to his wife for her personal expenses, but they do permit a deduction from his income received from annuities or business of the sum of $500 on account of such expenses if they are living together. G. L. (Ter. Ed.) c. 62, § 6 (h). The instant payments, although provided for by contract and payable by a trustee, had their origin in the marital relation, and the payment by the husband for the support of his wife was the discharge of an obligation which that relationship

imposed upon him. Under the various Federal income tax statutes, which in so far as now material are as broad as our own and like them contain no provisions exempting such payments, it has been held that such payments either as alimony or in lieu of alimony constitute taxable income of the husband even when paid through a trustee and that their receipt by the wife is not income taxable to her. *Gould* v. *Gould,* 245 U. S. 151. *Douglas* v. *Willcuts,* 296 U. S. 1. *Helvering* v. *Schweitzer,* 296 U. S. 551. *Helvering* v. *Blumenthal,* 296 U. S. 552. It is an application of the general principle that payments made by a third person to discharge an obligation of a taxpayer must be considered as income of the latter if such payments were made in satisfaction of an indebtedness due from such person to the taxpayer. *Old Colony Trust Co.* v. *Commissioner of Internal Revenue,* 279 U. S. 716. *Helvering* v. *Stokes,* 296 U. S. 551. *Helvering* v. *Coxey,* 297 U. S. 694. But we are not concerned with the liability of the husband for the tax. The peculiar and personal nature of payments made for the support of a wife does not readily lend itself to any accurate definition of income. Such payments are not of a commercial character. They do not rest merely in contract. The husband, even if unwilling, may be compelled on either the civil or the criminal side of the court to contribute to the support of the wife. It is in the public interest to see that such support is afforded. *Commonwealth* v. *Acker,* 197 Mass. 91. *Commonwealth* v. *Herrick,* 263 Mass. 25.

The appellant acting under G. L. (Ter. Ed.) c. 62, § 38, has established two regulations relative to the taxation of sums paid by a husband for separate support of his wife. Regulation 5013 provides that "The right to receive alimony or regular payments under a separation agreement is not taxable as an annuity . . . ." Regulation 7092 reads as follows: "In the case of husband and wife living apart under an agreement whereby the husband is obligated to pay a stipulated sum annually or at other regular intervals to the wife for a term of years, or for her life, such payments shall not constitute an annuity taxable to her, nor shall they constitute a deductible expense to the husband. In such

case the husband shall not be entitled to claim a deduction of $500 for the wife under the provisions of section 6 (*h*) of chapter 62." These regulations are not contrary to law and are pertinent to the income in controversy even though it was paid by a trustee rather than directly by the husband. These regulations do not expressly exempt the wife from the payment of an income tax based upon payments made to her for her separate support, yet they tend by implication to exempt her from such a tax. They are entitled to persuasive weight. *First National Bank of Boston* v. *Commissioner of Corporations & Taxation*, 274 Mass. 583. *Helvering* v. *Winmill*, 305 U. S. 79.

We think that payments made by a husband to a wife for her separate support are not taxable income under our statutes. *Moulton* v. *Commissioner of Corporations & Taxation*, 243 Mass. 129. *Lyon* v. *Commissioner of Corporations & Taxation*, 258 Mass. 450. *DeBlois* v. *Commissioner of Corporations & Taxation*, 276 Mass. 437.

Abatements are granted in the amounts found by the board, together with interest. The appellee is to recover costs before the board and costs of this appeal.

*So ordered.*