The facts are stated in the opinion of HARGEST, P. J., of the court below, as follows:
This case now comes before us upon exceptions to the opinion and judgment reported in 50 Dauph. 99.
The case involves the question whether the Corporate Net Income Tax Act of May 16, 1935, P. L. 208, as *Page 425 
amended by the Act of August 7, 1936, P. L. 127 (which latter is not involved in this case), and by the Act of April 8, 1937, P. L. 227, applies to the settlement of taxes for the year 1936.
The new provisions of the Act of 1937 made interest and dividends taxable as income and took away from all corporations the right to file consolidated returns, except those permitted to file such returns with the Federal Government, namely, railroads.
This Court held in the original opinion and judgment that the Act establishes April 15 as the "tax date", or the day on which the liability for corporate net income tax for the preceding year first arises, and also held that if in error as to that conclusion, "there is abundance of authority that a statute may be retroactive or retrospective and not violative of constitutional provision or statutory law." The effect of this decision is to hold that the Act, although imposing a tax upon the net income "received by, and accruing to, such corporation during the calendar year," is a "spot tax", upon which liability first arises on April 15 of the succeeding year.
The opinion is inconclusive on the question of the retrospective operation of the Act. It discusses only the question that a retrospective Act need not be unconstitutional.
After very careful consideration we are forced to the conclusion that this case must be reversed, for the reasons given at length in the opinion in the case of Commonwealth ofPennsylvania v. Repplier Coal Co., 160 Commonwealth Docket 1941, filed this day.*
We now hold that the Act is prospective but that it does not impose a "spot tax" on April 15 upon the income which was received by, and accrued to, a corporation for the preceding year; that the tax is an accruing tax for which liability is fixed on the last day of the tax period, which in this case was December 31, 1936, under the original Act of 1935; that the re-enactment *Page 426 
was not retrospective so as to make the new provisions of the re-enacting Act operative for the taxes of 1936. We now find that there were no questions, such as discussed in the former opinion in this case, involving the constitutionality of a retroactive statute. The only question is whether this Act was intended by the legislature to so operate.
It is not necessary to repeat the discussion in theRepplier case, but we will review the authorities, upon which the original opinion in this case is based, for the proposition that the Act of 1937 created and imposed a "spot tax".
One of the cases relied on was that of United States TrustCo. v. Commissioner (Mass.), 13 N.E.2d 6. In that case the statute was a new Act and not a reenactment in which the applicable rule of construction is that "only the new or changed provisions shall be deemed to be the law from the effective date of the reenactment." The statute imposed a tax, in terms, on the income received from dividends during the year 1933.
If the instant case had arisen under the original Act of May 16, 1935, and if the taxpayer had contended that no income which was received prior to May 16, 1935, could be taxed, even though the Act specifically imposed the tax for the year 1935, the same question would arise as arose in the Massachusetts case; or there would have been a similar question if a taxpayer had contended that under the Amendment of August 7, 1936, no income received prior to that date in 1936 could have been taxed. Then the Massachusetts case would have been in point. It would also have been applicable if a taxpayer, under the re-enactment and amendment of April 8, 1937, had contended that no income received between January 1 and April 8 for the year 1937 could be taxed. We do not regard the case, when thoroughly analyzed, to be in point in the instant controversy where both the Act of 1935 and the Act of 1936 were in force and imposed a tax upon the income for the year 1936 up to the point where the statute was re-enacted in 1937. *Page 427 
There can be no legislative intention, without clear and positive words to that effect, to make the new provisions of the Act of 1937 apply to the computation of tax for either 1935 or 1936. If there was an intent to make Sections 3, 4 and 13 of the Act of 1937 retroactive for the year 1936, there was certainly the same intent to make it retroactive for the year 1935, but the Department of Revenue has not applied the Act of 1937 to settlements for the year 1935.
Moreover, neither this Court, nor the Supreme Court, in the case of National Transit Co. v. Boardman, 44 Dauph. 38, 328 Pa. 450, considered the Act of 1937 as applicable to the year 1935. The Act of 1937, in terms, applies as much to the year 1935 as to the year 1936, and if it were to be construed for the year 1935 it would have taken away the right to file a consolidated report for that year, and the case of Commonwealth v.Lukenweld, Inc., 49 Dauph. 14, should have been otherwise decided.
The first opinion in this case relied strongly on the case ofOleson v. Borthwick, 33 Haw. 766. The facts were that on March 20, 1935, the taxpayer filed a return of his income received for the calendar year 1934 as required by the statute, Chapter 65, R. L. 1935, and paid a tax thereon. On November 30, 1934, certain regulations were promulgated which required every taxpayer who had received dividends during 1934 to file on or before December 31, 1935, a return showing the amount of such dividends. On November 6, 1935, the taxpayer filed a return, and on December 13, 1935, the Commissioner, under the authority of the amending Act approved May 9, 1935, levied and assessed upon such dividends received during the calendar year 1934. January I of each year was fixed as the tax date for all taxes. The tax for 1934 became due on January 1, 1935, and the amendment provided, in terms: "This Act shall take effect as of January 1, 1935"; so that the amendment was expressly made retroactive to that date, and evidenced an intention to make the amendment applicable *Page 428 
to the tax which was to be computed as of January 1, 1935. This tax was based on 1934 income. If it had not been intended to reach 1934 income there would have been no point in the special language making it effective January 1, 1935, because it would have, without any such language, become effective January 1, 1936, and reach the income for 1935.
The Court said, page 786:
"We venture to suggest that had Act 120 been passed at a special session of the legislature in 1934 and expressly made prospective as of January 1, 1935, no one would have appeared to challenge the obvious fact that the amendment on its effective date would have imposed a tax computed upon 1934 income based upon the definition of gross income as contained in the amended Act. Logically there could be no difference between an Act thus made expressly prospective and the Act in the instant case expressly made retrospective."
If our statute of 1937 had provided that its provisions should be retroactive to December 31, 1936, or January 1, 1937, the Hawaiian case would be considered a parallel.
For these reasons, as well as those given in theRepplier case, we are impelled to reverse this case.
Commonwealth appealed.
* The opinion in this case appears on appeal in 348 Pa. 372.
The judgment of the court below is affirmed on the able and comprehensive opinion of President Judge HARGEST. *Page 429